## J. M. CRYER v. THE STATE.

*No. 1310.    Decided November 5th, 1896.*

*Motion for Rehearing Decided December 22nd, 1896.*

**1.   Recognizance on Appeal—Sufficiency.**

Unless a recognizance on appeal binds the appellant "to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case," it is wholly insufficient.

### ON MOTION FOR REHEARING.

**2.   Same—Rehearing.**

Where an appeal has been dismissed for want of a sufficient recognizance, the dismissal will be set aside and a rehearing granted, where it shown that the recognizance was in fact sufficient, and that the clerk made a mistake of omission in copying it into the record.

**3.   Injuring Stock in Inclosure When Fence is Insufficient—Plea of Former Acquittal.**

On a prosecution for wilfully maiming and wounding an animal in an inclosure surrounded by an insufficient fence, brought under Art 799, Penal Code, the defendant pleaded former acquittal on a prosecution for wilfully and wantonly maiming and injuring the animal brought under provisions of Art. 787, Penal Code, it being the same transaction; and, the court instructed the jury that the plea of former acquittal was not good because the offenses were different.   Held:  The instruction was erroneous.

**4.   Same—Wounding and Killing Stock—Prosecutions Under Articles 787 and 799.**

A party can be prosecuted and convicted under Art. 787, for wilfully and wantonly killing, etc., an animal without any regard to where it was at the time it was killed, etc., even though it may have been in a cultivated inclosure surrounded with an insufficient fence.   And a party can be prosecuted and convicted under Art. 799, whether the act was wilfully or wantonly done or not, but if wilfully and wantonly done whether in an inclosure or not the party can be convicted under Art. 787. Overruling, Payne v. State, 17 Tex. Crim. App., 40; McRay v. State, 18 Tex. Crim. App., 331; Brewer v. State, 28 Tex. Crim. App., 565.

**5.   Same—Indictment, Suggestion as to.**

In all cases of killing, etc., animals, the court suggests, that the indictment should have a count drawn under both the Articles 787 and 799.

APPEAL from the County Court of Tyler.   Tried below before Hon. M. DIES, County Judge.

Appeal from a conviction for unlawfully and wilfully maiming and wounding a mare within the enclosure of defendant, surrounded with an insufficient fence; penalty, a fine of $10.   The appeal was dismissed on motion of the Assistant Attorney-General for defect in the recognizance.   This defect was afterwards supplied and cured by certiorari, and the judgment of dismissal set aside and rehearing granted.   On the rehearing, the appeal is disposed of on the alleged error in the charge of the court as to defendant's plea of former acquittal, and a general statement of the case becomes unnecessary.   The matters pertaining to the plea of former acquittal are sufficiently illustrated in the opinion.

*R. E. Moore*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—-Appellant was convicted of malicious mischief, and appeals.   Motion is made by the Assistant Attorney-General to dismiss the appeal because of the insufficiency of the recognizance.   The recognizance binds the appellant "to abide the judgment of the Court of Criminal Appeals," but fails to conclude as the statute requires, "in this case."   The legislature has prescribed the form for recognizances in appeals to this court, and they have provided that it · shall bind the appellant "to abide the judgment of the Court of Criminal Appeals of the State of Texas, in this case."   Code Crim. Proc., 1895, Art. 887.   It is further provided that, unless this form is substantially complied with, the jurisdiction of this court shall not attach. This recognizance does not bind appellant to appear before the trial court to abide the judgment of this court "in this case."   Under the form prescribed, we are of opinion that the motion is well taken, and the recognizance is insufficient.   The appeal is therefore dismissed.

*Dismissed.*

### ON MOTION FOR REHEARING.

HURT, PRESIDING JUDGE.—At a previous day of this term of this court, the appeal was dismissed, for the want of a sufficient recognizance.   On motion for rehearing, it is made to fully appear that the recognizance is sufficient, and that it was a mistake of the clerk in copying the same into the record.   The motion for a rehearing is granted, and the cause reinstated, and it will now be considered upon its merits.   It appears from the record that appellant had been tried upon an information charging him with wilfully and wantonly maiming and disfiguring a mare.   A trial under this information before the court, without a jury, resulted in the acquittal of defendant.   Afterwards an information was presented, charging that "defendant did unlawfully and wilfully, with fire and shucks, maim and wound one certain mare, the property of Brooks Collier, within the inclosure of defendant."   Upon the trial under this last information (which resulted in the conviction of appellant), he interposed the plea of former acquittal.   It will be noted that the last information charges that appellant "did unlawfully and wilfully maim and wound one certain mare, the property of Brooks Collier." The plea sets up that it was the same transaction—the same offense. The court instructed the jury to the effect that they were not the same offenses.   The court, no doubt, based its instructions upon the opinions of this court in several cases, and was justified in giving such instructions to the jury.   The question before us is this:   Can a party be guilty of violating Art. 787, Penal Code, 1895,—that is, be guilty of wilfully or wantonly killing, maiming, wounding, disfiguring, poisoning, cruelly or unmercifully beating or abusing a horse, etc.—when the killing, maiming, wounding, etc., was done while the animal was within the inclosed land of the person killing, maiming, wounding, etc., said horse,

as defined in Article 799?   The instructions of the court proceeded upon the assumption that, notwithstanding the killing, wounding, maiming, etc., may have been done wilfully or wantonly, yet, if the animal killed, maimed, wounded, etc., is within the inclosed land of the owner, he being the party charged, he cannot be prosecuted under Article 787, but must be prosecuted under Article 799.   Now, we hold that it makes no difference where the killing, maiming, wounding, etc., was inflicted upon the animal, whether in or out of the inclosure.   If done wilfully or wantonly, the party killing, etc., is amenable to Article 787, and should not be prosecuted under Article 799.   We are not to be understood that if prosecuted under Article 799, and the proof develops the fact that the killing, etc., was done wantonly or wilfully, he could not be convicted; but we are to be understood as holding that a person can be guilty of violating Article 787, without any regard as to where the animal was at the time it was killed, maimed, wounded, disfigured, etc. The information upon which this conviction was obtained charges: "Defendant did unlawfully and wilfully, with fire and shucks, maim and wound one certain mare," etc.   If this be true, appellant evidently violated Article 787, and could have been legally convicted under the first information and upon the former trial of this offense.   Article 799 does not contain the words "wilfully or wantonly."   Under such article, if the fence be insufficient, the party killing, maiming, wounding, etc., though he be the owner of the land, and the injury be inflicted within the inclosure, can be convicted, whether the act was wilfully or wantonly done, but if wilfully or wantonly done, whether in the inclosure or not, the party can be convicted under Article 787.   Intimations to the contrary, in the following cases, are overruled:   Payne v. State, 17 Tex. Crim. App., 40; McRay v. State, 18 Tex. Crim. App., 331; Brewer v. State, 28 Tex. Crim. App., 565.   If, upon another trial, there is no testimony tending to show that the killing was wilfully or wantonly done, appellant may be found guilty under the information last filed; but the allegations of this last information support the plea of the appellant.   It alleges that he wilfully committed the act.   This is very strongly supported by another allegation that the injury was inflicted with fire.   It would be a very remarkable case in which fire was used upon the animal, and yet the injury inflicted not be wantonly and wilfully inflicted.   We suggest that in all such cases as this the indictment have a count drawn under both of said articles.   We are of opinion that the charge of the court was erroneous, and the judgment is reversed, and the cause remanded.

*Reversed and Remanded*