### ED. CALDWELL v. THE STATE.

No. 4475.    Decided January 20, 1909.

**1.—Malicious Mischief—Evidence—Extraneous Circumstance.**

Upon trial for malicious mischief in shooting a certain dog, testimony that defendant, some ten or eleven months before the alleged offense, said that if any dogs got into his pasture he would kill them, without connecting him with the killing of the dog, was inadmissible.

**2.—Same—Evidence—Must show Willful or Wanton Intent.**

Upon trial for maliciously killing a dog, testimony that the presence of dogs among defendant's sheep at the time in question would have frightened them and would have caused the ewes to have lost their lambs, etc., and tending

to show that if defendant did shoot the dog in his pasture that it was done in the protection of his property and not willfully, etc., was admissible and it was error to reject same.

Appeal from the County Court at Law in Dallas County. Tried below before the Hon. W. M. Holland.

Appeal from a conviction for wilfully and wantonly shooting a dog; penalty, a fine of $5.

The opinion states the case.

*N. P. Morrison* and *Barry Miller,* for appellant.—On question of admitting defendant's statement: Crass v. State, 30 Texas Crim. App., 480, 17 S. W. Rep., 1096; Williams v. State, 38 Texas Crim. Rep., 128, 41 S. W. Rep., 645. On question of showing want of willfulness, etc.: Woodward v. State, 33 Texas Crim. Rep., 554; Reedy v. State, 22 Texas Crim. Rep., 271; Thomas v. State, 14 Texas Crim. App., 200.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant appeals from a conviction on a charge of malicious mischief, in shooting a certain dog, had in the County Court at Law in Dallas County.

The evidence briefly shows that appellant owned a considerable place in the northern part of Dallas County; and on the place he had a certain sheep-pasture, fenced in with net and barbed wire, some fifty inches high, in which he kept his sheep. That he had posted this place; and had besides given personal notice to some, if not all, his neighbors, that hunting would not be allowed therein. On the trial one witness was permitted to testify to a statement made by appellant in February before the commission of the alleged offense in the following December, that if any dogs got in his pasture he would kill them, and that night his dog was killed. There is nothing to connect the appellant with the killing of the dog except the inference from his statement. We think that, as presented, this testimony was not admissible. This was an extraneous matter, wholly unrelated to this case, and not shown by the evidence to have any connection with it, or that this dog was even killed by appellant.

Again, on the trial appellant proposed to prove that the presence of dogs among sheep at the time in question would have frightened the sheep and caused the ewes, which were heavy with lambs, at that time of the year, to have lost their lambs, and that it was dangerous to his sheep for dogs to be in his pasture and with the sheep at that time, and that he knew this from his experience with sheep and from the condition of the ewes at the time. It was urged that this testimony was admissible for the purpose of rebutting

the charge of malice and willfulness and wantonness charged in the affidavit against defendant in shooting said dog, and would have tended to show that if defendant did shoot said dog in his said pasture, that it was done in the protection of his property and was not done either wilfully, maliciously or wantonly. This testimony was rejected. Under the case of Thomas v. State, 14 Texas Crim. App., 200, there would seem to be no doubt that this evidence should have been received. In that case, speaking for the court, Judge Willson says: "Now, under these circumstances, did the defendant commit a crime in killing the bucks? Did he kill them wilfully or wantonly? Of course, he killed them intentionally, but it is not every intentional act that is a wilful or wanton act. When used in a penal statute the word 'wilful' means more than it does in common parlance. It means with evil intent, or legal malice, or without reasonable ground for believing the act to be lawful. (The •State v. Preston, 34 Wis., 675; The State v. Clark, 29 N. J. L., 96; Savage v. Tuller, Brayt. (Ver.), 223; 1 Abb. U. S., 196.) In common parlance it is used in the sense of intentional, as distinguished from accidental or involuntary. To make the killing of the sheep, therefore, a wilful act it must have been committed with an evil intent, with legal malice and without legal justification. To make the killing a wanton act, it must have been committed regardless of the rights of the owner of the sheep, in reckless sport, or under such circumstances as evinced a wicked or mischievous intent, and without excuse. (Jones v. State, 3 Texas Crim. App., 228.) In Branch v. The State, 41 Texas, 622, in speaking of this offense, it is said: 'The act must be done intentionally and by design and without excuse, and under circumstances evincing a lawless and destructive spirit.' This case has been cited and approved in several subsequent decisions. (Jones v. The State, 3 Texas Crim. App., 228; Lott v. The State, 9 Texas Crim. App., 206; Davis v. The State, 12 Texas Crim. App., 12.) In the case before us the principle announced in these decisions should be submitted in proper instruction for the consideration of the jury, and the jury should be instructed in the legal meaning of the terms 'wilful' and 'wanton,' as hereinbefore explained. If the defendant killed the sheep in the necessary protection of his own property, after using ordinary care to prevent the injury which was being inflicted upon it, it would not be a wilful or wanton act within the meaning of article 680 of the Penal Code. It might be a trespass for which he would be answerable in a civil action for damages, but it would not be a crime."

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*