## JOSE ROMERO V. THE STATE.

### No. 2762. Decided November 19, 1913.

**1.—Theft of Horse—Statement of Facts—Ninety Days—Rule Stated.**

The Act of 1911, page 267, provides that the statement of facts may be prepared and filed at any time before the time for filing the transcript in this court, and appellant has ninety days within which to file the same, and where the transcript of the evidence made by the stenographer was filed with the papers and accessible to appellant and he failed to make out a statement of facts therefrom, it was his own fault, and there was no error.

**2.—Same—Absence of Trial Judge—Affidavits—Bills of Exception.**

In the absence of bills of exception raising the question of the absence of the trial judge during trial, affidavits which were filed more than eighty days after adjournment of court on this question can not be considered on appeal.

**3.—Same—Practice on Appeal.**

In the absence of a statement of facts, the sufficiency of the evidence and failure of the court to charge upon certain phases of the law can not be considered.

**4.—Same—Motion for New Trial—Charge of Court.**

Where the court's failure to charge on circumstantial evidence was not called to the attention of the trial court in the motion for new trial, the same can not be considered on appeal; the matter not being fundamental.

Appeal from the District Court of Reeves. Tried below before the Hon. S. J. Isaacks.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gibson & Wilson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of horse theft, his punishment being assessed at two years confinement in the penitentiary.

Overruling the motion for new trial on 29th of May, the court adjourned on 31st. The court entered an order granting thirty days time in which to file statement of facts. After the expiration of the thirty days another order was entered granting thirty days additional time. The filing of the order was dated back so as to make it come within the time of the previous thirty days. Appellant, being unable to pay the stenographer, filed a pauper's affidavit. The stenographer was ordered to make out the statement of facts in duplicate, which he did by questions and answers. This was filed in the trial court on the 5th of July, thirty-odd days after adjournment of court. Appellant claims he was deprived of a statement of facts by reason of these matters and apparently bases this upon the idea that the second order for thirty days was not legal, and the stenographer not having filed the statement of facts within the original first thirty days, it was illegal and he has been thereby deprived of a statement of facts. We can not concur with this idea. The Act of 1911, page 267, provides that the statement of facts may be prepared and filed at any time before time for filing the transcript in this court, and the decisions and this court construing this article have held that appellant had ninety days within which to file a statement of facts. It is unnecessary to cite these cases. The statement of facts transcribed by the stenographer shows to have been filed on the 5th of July, 1913, but neither agreed to by counsel nor approved by the judge. There still remained the difference between the 5th of July and the ninety days which would have terminated on the 31st of August, in which appellant could have prepared a statement of facts had he used ordinary diligence. A transcript of the evidence made by the stenographer was filed with the papers in the clerk's office and

accessible to defendant and his counsel. We, therefore, hold, under the circumstances, that he has not been deprived by the court or any of the officers of having his evidence brought properly before this court.

In the latter part of August affidavits were filed to the effect that the court during the trial absented himself during the argument before the jury for an hour or such matter, and was not in the courtroom. These affidavits narrate the circumstances and things that occurred during the absence of the judge. It is further alleged that this was one of the grounds of the motion for new trial, but with some actual or tacit understanding with the court this matter was not urged for new trial. This matter, filed as it was the latter part of August, comes too late. To this action of the court proper exceptions should have been taken and reserved during the term time and filed within such time as is authorized under the law with reference to filing bills of exception. The affidavits were filed more than eighty days after adjournment of court. Coming in this way the question can not be considered on appeal.

There are some matters presented in the motion for new trial as to the sufficiency of the evidence, and failure of the court to charge certain phases of the law which is claimed to have been applicable to the facts. These can not be considered in the absence of the evidence.

Another matter is urged in the brief, but we fail to find it in the motion for new trial, that is, that the court's charge on circumstantial evidence is not sufficient. This matter was not called to the attention of the court in the motion for new trial, and, therefore, under the prior decisions of this court this would come too late, unless it was of that fundamental nature which authorized an illegal conviction.

As the record presents these matters we are unable to review them, therefore the judgment is affirmed.

*Affirmed.*