## TOM HOBBS V. THE STATE.

### No. 3330.   Decided November 18, 1914.

**Malicious Mischief—Separate Offenses—Insufficiency of the Evidence.**

Where defendant was charged under article 1231, Penal Code, with wilfully and wantonly killing a domesticated animal, etc., but the evidence showed that if he was was guilty at all he should have been prosecuted under article 1246, Penal Code, and defendant requested a proper charge, which was refused, the same was reversible error.

Appeal from the County Court of Matagorda.   Tried below before the Hon. W. S. Holman.

Appeal from a conviction of wantonly and wilfully killing a domesticated animal; penalty, a fine of $5.

The opinion states the case.

*J. W. Conger,* for appellant.—On question of refusal of defendant's requested charge:  Lane v. State, 16 Texas Crim. App., 172; Farmer v. State, 21 id., 423; Thomas v. State, 14 id., 200; Payne v. State, 17 id., 40; Caldwell v. State, 55 Texas Crim. Rep., 164; Jones v. State, 3 Texas Crim. App., 228; Lott v. State, 9 id., 206; Davis v. State, 12 id., 12; Branch v. State, 41 Texas, 622.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—The evidence, while there is no positive evidence of the fact, would support a finding that appellant killed the animal which he is charged with having killed.  There are two provisions of our criminal code relating to killing stock.  Article 1231 provides, that if anyone shall wilfully and wantonly kill any domesticated animal, he shall be fined in an amount named.  The prosecution was brought under this provision of the Code, and it was not necessary to name the owner of the animal under its provisions.  One who thus kills an animal could be convicted even though it was his own animal.

The other provision of the Code, article 1246, provides, that if one in charge of cleared and cultivated land, surrounded by an insufficient fence, who shall with firearms kill any animal within the enclosure, shall be fined not less than $10 nor more than $100.

The evidence in this case brings the offense within this latter provision of the Code, if appellant killed the animal.  It shows he was at work in his enclosed field; that stock had been breaking in destroying his crop; that he saw this animal in his corn, and he shot at it.  It did not stop eating at the time.  It was subsequently found dead.  If the killing took place under such circumstances, and the fence was an insufficient fence to turn ordinary stock, he would be guilty of violating article 1246.  There is nothing in the record to show conclusively a wilful and wanton act as defined under article 1231, under which the conviction was had.  Appellant requested a special charge presenting

the issue that if the killing took place under circumstances showing a violation of the provisions of article 1246, and not the one under which this prosecution was brought (art. 1231) they would acquit. An exception was reserved to the failure of the court to give this charge, and this presents such error as necessitates a reversal of the case. Payne v. State, 17 Texas Crim. App., 40; McRey v. State, 18 Texas Crim. App., 331; Brewer v. State, 28 Texas Crim. App., 565.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*