## Charley Choate v. The State.

### No. 5812. Decided May 12, 1920.

**1.—Malicious Mischief—Variance in Allegation and Proof.**

Where defendant was charged in one count with wilfully killing an animal with intent to injure the owner, and in another that he killed the same wilfully and needlessly, and there was no evidence to sustain either of these counts, and defendant could only have been guilty, if at all, under another Article of the Penal Code, the conviction could not be sustained.

**2.—Same—Statutes Construed—Separate Offenses.**

Article 1230, P. C., designed to protect the owner, and Article 1231, P. C., designed to protect the animals, and Article 1246, P. C., which makes it unlawful to kill an animal which is trespassing upon land enclosed by an insufficient fence, each define a separate offense, and each contain elements distinct from the other. Following Payne v. State, 17 Texas Crim. App., 40, and other cases.

**3.—Same—Statutes Construed—Intent to Injure Owner.**

While it may be that one who wilfully kills an animal with the intent to injure its owner might be convicted under Article 1230, supra, although at the time the animal was killed it was on the premises of the accused enclosed with an insufficient fence, yet there must be proof that the intent was to injure the owner of the animal, and in the instant case, there being no evidence of such intent, the conviction could not be sustained.

Appeal from the County Court of Lamar. Tried below before the Honorable W. L. Hutchison.

Appeal from a conviction of killing an animal to injure owner, etc.; penalty, a fine of ten dollars.

The opinion states the case.

*Tom L. Beauchamp,* for appellant.—On question of different offenses: Hobbs v. State, 75 Texas Crim. Rep., 337; Caldwell v. State, 55 id., 164.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Wallace v. State, 30 Texas, 758.

MORROW, Judge.—The appellant was convicted of malicious mischief, the information containing two counts, one charging that he wilfully killed a swine belonging to R. T. Sikes, with intent to injure the owner thereof, the other charging that he killed a swine wilfully and needlessly.

The first count is under Article 1230, P. C., which is designed to protect the owner, and the second count is under Article 1231, designed to protect the animals. The appellant's contention is that in

order for the conviction to stand the prosecution should have been under Article 1246 which makes unlawful the killing of an animal which is trespassing upon the land enclosed by an insufficient fence Each of these statutes defines a separate offense, and while they all relate to the killing of stock, each contains elements distinct from the other. See Payne v. State, 17 Texas Crim. App., 40; Brewer v. State, 28 Texas Crim. App., 565; Porter v. State, 48 Texas Crim. Rep., 125; Hobbs v. State, 75 Texas Crim. Rep., 337; Branch v. State, 41 Texas Crim. Rep., 624; Benson v. State, 1 Texas Crim. App., 6; Rose v. State, 1 Texas Crim. App., 400; Irvin v. State, 7 Texas Crim. App., 78; Turnam v. State, 4 Texas Crim. App., 586; McRay v. State, 18 Texas Crim. App., 331.

It may be that one who wilfully kills an animal with the intent to injure its owner might be convicted under article 1230, although at the time the animal was killed it was on the premises of the accused enclosed with an insufficient fence. Cryer v. State, 36 Texas Crim. Rep., 622. Such conviction could be sustained only upon proof that the intent was to injure the owner of the animal. Such intent could not be inferred from the injury for the reason that the inference that the animal killed in the protection of his property, upon which the animal was trespassing, would be drawn unless the contrary appeared. See Thomas v. State, 14 Texas Crim. App., 200; Caldwell v. State, 55 Texas Crim. Rep., 164; Hobbs v. State, 75 Texas Crim. Rep., 337.

It was shown without controversy that the appellant shot and killed a hog belonging to Sikes, and that at the time the hog was killed it was in the enclosed field of the appellant, in which there were planted peanuts. The evidence shows that Sikes had a number of hogs running at large in the neighborhood, and the appellant testified that they were frequently in his field, that he had driven them out several times, and talked to Sikes about them, and helped Sikes upon several occassions to pen them, and offered to help him build a place to put his hogs; that he had no animosity against Sikes, and did not kill the hog to injure him. It is contended by the appellant that the prosecution should have been under Article 1246 of the Penal Code, which declares that any owner of cleared and cultivated land surrounded with an insufficient offence, who shall with firearms kill any hogs of another within such enclosure, shall be fined. Appellant also insists that the facts did not bring the offense within Article 1230, *supra*, and that to hold him guilty under the evidence a charge under Article 1246, *supra*, was essential.

The evidence in the instant case does not justify the presumption that the animal was killed to injure the owner, nor is it conclusive that the act was wilfully done within the meaning of Article 1230, nor wantonly done within the meaning of Article 1231. The trial proceeded upon the theory that the presumption of intent to injure did obtain from the killing, and that the contention that it was not wilfully or wantonly done was not met by proof that the killing was

done for the protection of the appellant's property, the theory of the trial court apparently being that appellant could not defend upon the ground that he killed the animal to protect his property when it appeared that the killing took place on his premises protected by an insufficient fence. This theory would bring the prosecution within Article 1246, the elements of which were not charged. It has been suggested by this court through Judge Hurt in the case of Cryer v. State, *supra*, that the several phases of the evidence which may arise under this prosecution be anticipated by separate counts. If this suggestion had been followed in the instant case, and a count charging the elements of Article 1246 included, there might be no error, but in the absence of such count in the information, it was the appellant's right to defend against the prosecution by showing that he shot the animal in the protection of his property, notwithstanding the fence enclosing it was insufficient. By requested charges and objections to the evidence, he sought to assert this right, and the failure of the trial court to accord it was error requiring reversal. Hobbs v. State, 75 Texas Crim. Rep., 337.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*