SAM WILLIAMS, ALIAS SAD SAM, v. THE STATE.

No. 6526.   Decided January 18, 1922.

Rehearing granted February 15, 1922.

1.—Murder—Transcript—Caption—Practice on Appeal.

Where the caption of the transcript showed that the court had convened and adjourned in 1920, and the papers filed in the case bore the file mark of 1921, the same was totally defective; however, it having been corrected, by an amended transcript, the appeal is heard upon its merits.

2.—Same—Verdict—Reforming Judgment.

Where the clerk did not copy the verdict as returned, and made certain changes therein, held: that this should not have occurred; but, as the verdict which was actually returned supported the judgment, when properly reformed, there was no error and the same is so reformed.

3.—Same—Statement of Facts—Bills of Exception—Extension of Time.

Where the statement of facts and the bills of exception were not filed in the lower court until after the expiration of ninety days from adjournment, the same cannot be considered on appeal. Following Romero v. State, 72 Texas Crim. Rep., 105, and other cases.

Appeal from the District Court of Cottle. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of murder; penalty, eleven years imprisonment in the penitentiary.

The opinion states the case.

*W. J. Arrington and W. A. Williams,* for appellant. On question of judgment and verdict: Crockett v. State, 14 Texas Crim. App., 226.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for murder. Punishment, eleven years in penitentiary.

The appeal must be dismissed. The caption to the transcript shows the court to have convened October 11th, 1920, and to have adjourned November 6th, 1920. The charge of the court bears heading "April Term A. D. 1921," and file mark of "April 15th, 1921." The verdict appears to have been received and judgment entered at the April term of court, 1921. The only bill of exception was not filed until August 6th, 1921, and the statement of facts likewise shows to have been filed on that date. It might be assumed that the case was tried at a term of court subsequent to that indicated by the caption, but if so the date of convening and adjourning thereof nowhere appears in such manner as may be considered. The necessity therefor is made manifest by our opinion in Nandosa v. State, 88 Texas Crim. Rep., 84, 225 S. W. Rep., 169 and Davis v. State, 88 Texas Crim. Rep., 183, 225 S. W. Rep., 532.

We would call attention, however, to the fact that an application was made for an extension of time in which to file statement of facts and bills of exception. A recital in the application is to the effect that court adjourned on May 7th, 1921. If the term of court at which appellant was tried did in fact adjourn on May 7th, 1921, and a corrected transcript should show this, then it appears that the statement of facts and bill of exception were not filed in the lower court until after the expiration of ninety days from adjournment. (See Romero v. State, 72 Texas Crim. Rep., 105, 160 S. W. Rep., 1193; Maxwell v. State, 69 Texas Crim. Rep., 248, 153 S. W. Rep., 324.)

For the reasons given the appeal is ordered dismissed.

*Dismissed.*

ON MOTION FOR REHEARING.

February 15, 1922.

HAWKINS, JUDGE.—At a former day of this term the appeal was dismissed. An amended transcript having been filed supplying the omissions in the original transcript the appeal is reinstated. The term of court at which the trial was had adjourned May 7th, 1921. The statement of facts and bill of exception were not filed in the lower court until after the expiration of ninety days from adjournment, hence cannot be considered.

The question is raised in this court that the verdict returned by the jury is insufficient to support the judgment of conviction. The verdict as copied in the judgment reads:

"We, the jury find the defendant guilty of murder and his punishment to be eleven years in State penitentiary. (Signed) A. L. Green, Foreman."

It is shown that the original verdict read:

"We as a juror find the defendant guilty of murder and his imprisonment to be (eleven) years in State penitentiary. A. L. Green as foreman."

The clerk should have copied the verdict as returned, and not made changes therein; but if the verdict as actually returned will support the judgment the case ought not to be reversed, but the judgment corrected and an affirmance entered. In Sec. 840, Branch's Crim. Law is the general rule as to construction of verdicts as follows:

"Verdicts should receive a liberal construction, and if finding of jury can be reasonably ascertained, the verdict should be held good as to form. The object should be to ascertain the intention of the jury."

The soundness of the rule is supported by the cases collated under the section referred to. We find no difficulty in arriving at the intention of the jury from an inspection of the verdict. We discuss the matter no further, but refer to the many cases cited by Mr. Branch, and those collated under Art. 770, Vernon's C. C. P., notes 6, 8, 13, 17 and 19.

The judgment is reformed, and entered on the verdict as returned into court, (Art. 938, Vernon's C. C. P.) and as so reformed, the same is affirmed.

*Affirmed.*