MIKE SWEAK v. THE STATE.

No. 6634. Decided March 29, 1922.

**Tick Eradication—Appeal Bond—Practice on Appeal.**

Where no recognizance was entered into during the term, but appellant presented his appeal bond, which was not approved either by the sheriff or the judge, but only by the county clerk, and was not in compliance with the requirement of article 919, C. C. P., the appeal must be dismissed. Following Cryer v. State, 36 Texas Crim. Rep., 621.

Appeal from the County Court of Falls. Tried below before the Honorable E. M. Dodson.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of $2.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The conviction is for violating the Tick Quarantine Law.

The appeal must be dismissed on account of a defective appeal bond. The term of court at which the case was tried adjourned July 30, 1921. No recognizance was entered into during the term, but on August 5, 1921, appellant presented his appeal bond. Prior to the amendment of Article 918, Code of Crim. Proc., by the Acts of the 36th Leg., 1919, there was no provision authorizing an appeal bond to be given by one convicted of a misdemeanor after the adjournment of court. By the provisions of the amendment referred to, the appeal bond in question must be approved by the sheriff or the judge trying the cause, or his successor in office. The bond appearing in the record was not approved either by the sheriff or the judge, but is approved by the County Clerk of Falls County.

An inspection of the bond will also reveal that it does not comply with the requirements of the recognizance provided for in Article 919, Code of Crim. Proc. It is not necessary to discuss the defects but the same are apparent by a comparison of the bond in the record with the form of the recognizance, as laid down in said article, and also from an examination of the authorities cited under Branch's Ann. Tex. Penal Code, Sec. 620, and Cryer v. State, 36 Texas Crim. Rep. 621.

The appeal bond in its present form confers no jurisdiction upon this court, and the appeal is therefore dismissed.

*Dismissed.*