### STERLING JORDAN V. THE STATE.

### No. 6810. Decided March 29, 1922.

#### Theft—Plea of Guilty—Suspended Sentence—Charge of Court—Verdict.

While the court's charge to the jury on suspended sentence was susceptible of the construction that the power rested with the trial judge to order the suspension of the sentence, whether the jury recommended it or not, and was therefore inaccurate, yet where the jury stated specifically that they did not recommend the suspended sentence, and there was no objection at the time of the trial pointing out the matter complained of, and, moreover, it was not competent for the jury to impeach their verdict in the manner attempted, there was no reversible error.

Appeal from the District Court of Floyd. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

A plea of guilty was entered and so was an application for the suspension of the sentence of the appellant.

The appellant was a youth about eighteen years of age. The evidence shows, without controversy, that he took possession of a motorcycle without the consent of the owner and is sufficient to show that it was done fraudulently with the intent to deprive the owner of its value. He testified that he had no intent to appropriate it but wanted to use it in order that he might find work. He had never been convicted of a felony, but had been guilty of theft on other occasions.

There were no bills of exceptions; nor complaint of the charge of the court at the time of the trial.

In the motion for new trial, however, the submission of the law of suspended sentence is criticized. This phase of the charge was in this language:

"The laws of the state of Texas provide that if there is a conviction of a felony of the character of which the defendant stands charged, that the court may suspend sentence when the punishment assessed by the jury shall not exceed five years confinement in the penitentiary and when the proof shows and the jury find by their verdict that the defendant has never before been convicted of a felony in this state or in any other state. The law further provides that the jury may, in their discretion, from all of the facts and circumstances in evidence, recommend that sentence be suspended. When that is done, the law provides that it is obligatory upon the court to suspend sentence during good behavior."

This was not an accurate statement of the law in that it was susceptible of the construction that the power rested in the trial judge to order the suspension of the sentence whether the jury recommended it or not. In their verdict, the jury stated specifically that they did not recommend a suspended sentence. An effort was made to impeach the verdict by the statement that they were impressed with the view that the trial judge had the power to suspend the sentence whether they recommended it or not. The inaccuracy in the charge is not available for the reason that it was not excepted to. As a predicate for review of the action of the court in giving an inaccurate charge, the statute requires that objection be made at the time of the trial pointing out the matter complained of. See Code of Crim. Proc., Articles 735 and 737a. It was not competent for the jury to impeach their verdict in the manner attempted. Turner v. State, 61 Texas Crim. Rep. 103; Watson v. State, 82 Texas Crim. Rep. 310; Weatherford v. State, 31 Texas Crim. Rep. 530.

The judgment is affirmed.

*Affirmed.*