J. H. SHERIDAN V. THE STATE.

No. 6999. Decided May 24, 1922.

**1.—Aggravated Assault—Recognizance—Appeal Bond—Jurisdiction.**

Where a so-called appeal bond was filed before adjournment of court before which defendant was convicted, and was not in compliance with the

statute, conferring jurisdiction upon this court by entering into a recognizance, and in other respects was defective, the appeal must be dismissed.

Appeal from the County Court of Motley. Tried below before the Honorable C. L. Glenn.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted of aggravated assault, his punishment having been assessed at a fine of $100.

Our Assistant Attorney General has filed a motion to dismiss the appeal on account of a defective recognizance. We find in the record the following document.

"The State of Texas  
No. 876                          Appeal Bond in County Court,  
J. H. Sheridan  

In the County Court Motley County, Texas.

Whereas, on the 1st day of Feb. 1922, in the above entitled and numbered cause, in County Court of Motley County, Texas, a judgment was rendered and entered against the defendant, J. H. Sheridan, that the State of Texas have and recover of the said defendant the sum of one hundred dollars fine, and all the cost of said prosecution, and from which said judgment said defendant has given notice of appeal to the court of criminal appeals at Austin, Texas: Therefore, we, the said J. H. Sheridan as principal, and M. L. Patton and Ernest Gaines, his sureties do hereby bind our selves, our heirs, executors, and administrators, jointly and severally, to the State of Texas, in the sum of two hundred fifty and 00/100 dollars, payable to the State of Texas, condition, that the said J. H. Sheridan shall prosecute his appeal with effect, and shall pay such fine and all cost as shall be adjudged against him by said Court of Criminal Appeals as well as all cost that have been adjudged against him in said County Court. Witness our signatures on this the 3rd day of Feb. A. D., 1922.

J. H. Sheridan,  
M. L. Patton,  
Ernest Gaines,

Approved and filed by me on this 3rd day of Feb. 1922.  
W. T. Patton,  
County Clerk Motley County, Texas."

The caption of the transcript shows that court adjourned on the 4th day of February. The foregoing instrument was executed before adjournment. By the terms of Article 918, C. C. P., as amended by the Acts of 1919, Chapter 18, Section 1, appellant, if he desired to appeal his case and court was in session, should have entered into a recognizance. Article 919, C. C. P. provides that the form of recognizance shall show that appellant was convicted of a "misdemeanor" and further that he shall "abide the judgment of the Court of Criminal Appeals of the State of Texas in this case." Article 920, C. C. P.:

"The court of Criminal Appeals shall not entertain jurisdiction in any case in which a recognizance is required by law unless such recognizance has complied substantially with the form presented in the preceding Article."

The instrument by which appellant undertakes to confer jurisdiction upon this court is not in compliance with the articles quoted, and is not in the form of a recognizance. It appears to be an appeal bond executed during the term of court and approved by the clerk. Again referring to Article 918, C. C. P., it will be found that if for any cause a defendant convicted of a "misdemeanor" fails to enter into a recognizance during the term of court at which he was tried he may yet be enlarged by executing an appeal bond after the adjournment of court; but it must be approved either by the sheriff or judge trying the cause or his successor in office.

The instrument in question does not comply with the provisions of the law either with reference to appeal bond or recognizance, hence the State's motion must be sustained and the appeal dismissed.

*Dismissed.*