## R. L. Smith v. The State.

### No. 7114. Decided October 18, 1922.

**Drunkenness in Public—Caption of Transcript—Recognizance—Jurisdiction.**

Where the caption of the transcript fails to show the date of adjournment of the court at which the conviction was had. the same was insufficient. Following Mandosa. v. State, 88 Texas Crim. Rep., 84, and other cases, and the recognizance does not comply with the conditions prescribed by the Statute, in that the same must be approved by the sheriff or the judge, the appeal must be dismissed; besides, this court has no jurisdiction, as the record shows a prosecution in the Corporation Court and appeal to the County Court, and that the fine ,assessed there is only $20.

Appeal from the County Court of Ochiltree. Tried below before the Honorable J. N. Grigsby.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $20.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for drunkenness in a public place.

Our Assistant Attorney General has filed a motion to dismiss the appeal. He calls attention to the fact that the caption to the transcript fails to show the date of adjournment of the term of court at which the conviction was had. Under the authority of Mandosa v. State, 88 Texas Crim. Rep., 84, 225 S. W. Rep., 169; Davis v. State, 88 Texas Crim. Rep., 183, 225 S. W. Rep., 532; Williams v. State, 91 Texas Crim. Rep., 115, 237 S. W. Rep., 920, this should appear. The reasons are apparent from the cases cited.

We would also call attention to the appeal bond. It does not comply as to conditions. with the form of recognizance prescribed by Art. 919, C. C. P. The conditions should be the same whether the obligation be a bond or recognizance. It does not comply with Acts

of Legislature, 1919, Ch. 18, Sec. 1, (Art. 918 C. C. P.) in that the bond was approved by the clerk whereas in misdemeanor cases the appeal bond must be approved by either the sheriff or the judge. Sweak v. State, 91 Texas Crim. Rep., 372, 239 S. W. Rep., 615 Sheridan v. State, 92 Texas Crim. Rep., 53, 241 S. W. Rep., 477.

If we understand the record before us the prosecution originated in the Corporation Court and was appealed to the County Court where the fine assessed was only twenty dollars. If such is the history of the case no appeal would lie to this court. Arts. 86 and 87, C. C. P.,

The appeal must be dismissed.

*Dismissed.*