**Criminal law ⬤ 982—Confession and attempted escape held not to affect right to suspended sentence.**

In a prosecution for selling intoxicating liquor, a confession by accused admitting possession of a jug of whisky, and testimony that accused attempted to escape when he saw the officer who arrested him, cannot be considered to affect his right to a suspended sentence.

Appeal from Criminal District Court, Williamson County; James R. Hamilton, Judge.

Gus Schroeder was convicted of selling intoxicating liquor, and he appeals. Reversed.

J. F. Taulbee, of Georgetown, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Williamson county of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

There seems no question from the testimony but that, in January, 1922, some person sold to a young man by the name of Baker, in Round Rock, Williamson county, Tex., a jug of whisky. Baker was very uncertain in his identification of appellant as being said party. From other testimony in the case, however, the jury believed the identification to have been sufficiently established. We would be unwilling to say that the testimony did not support their finding.

The state was permitted, over objection of appellant, to introduce testimony of a confession made by appellant of his possession of a jug of liquor, which confession was made apparently about the 10th of March, 1922. There was no effort made by the state to identify said jug of whisky with that sold to Mr. Baker. In fact, the jug of whisky referred to in said confession seems to have been gotten at appellant's home on the afternoon of March 10, 1922. It was also in testimony from the officer who arrested appellant that when he first saw him on that day appellant ran through a plowed field a distance of about a quarter of a mile, and that he (the officer) had difficulty in overtaking him in a Ford car. In his charge to the jury, the learned trial judge instructed them that they could consider the testimony of appellant's confession of his possession of said jug of whisky, and also testimony of the fact that appellant ran just prior to being arrested by the officer, only as bearing upon the question of whether they would give to appellant the benefit of a suspended sentence, for which he had applied.

In this portion of his charge to the jury, we are constrained to believe error materially injurious to appellant was committed. Testimony reflecting individual instances of misconduct on the part of the accused is not primarily admissible as rebutting his right to a suspended sentence. Johnson v. State (Tex. Cr. App.) 241 S. W. 484. We do not believe, under any circumstances, that the fact of appellant's attempt to escape, when he became aware of the presence of the officer who afterwards arrested him, could be considered as affecting his right to a suspended sentence. Such testimony has been generally held admissible upon the question of guilt or innocence, flight being regarded as an evidence of guilt. The date of the alleged confession shows it to relate to an entirely separate and distinct transaction from that involved in the prosecution herein. Such evidence could shed no legitimate light upon the guilt or innocence of the accused in this case, unless it in some way tended to identify the accused, and we hardly deem it possible of such inference.

For the error in the charge above mentioned, a reversal is ordered.

---

### BROWN v. STATE. (No. 7361.)

(Court of Criminal Appeals of Texas. Jan. 24, 1923.)

**Bail ⬤ 70—Appeal bond must be approved.**

Where an appeal bond is not approved by either the sheriff or the judge who tried the case as required by Code Cr. Proc. 1911, art. 918, as amended by Acts 36th Leg. (1919) c. 18 (Vernon's Ann. Code Cr. Proc. Supp. 1922, art. 918), the appeal must be dismissed.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Jim Brown was convicted of a misdemeanor, and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of a misdemeanor, from which he appeals. He seeks enlargement pending the same upon a bond, which, as it appears from the record, is not approved either by the sheriff or the judge who tried the cause. Article 918, C. C. P., as amended by Acts 36th Leg. (1919), c. 18 (Vernon's Ann. Code Cr. Proc. Supp. 1922, art. 918); Sweak v. State (Tex. Cr. App.) 239 S. W. 615; Smith v. State (Tex. Cr. App.) 244 S. W. 511.

For the defect in the bond, the appeal must be dismissed.

---

⬤ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes