JIM BROWN v. THE STATE.

No. 7361. Decided October 31, 1923.

**1.—Child and Wife Desertion—Appeal Bond.**

Where the appeal bond is not approved by the sheriff or the judge, the appeal must be dismissed. However, the record having been perfected, the case is heard upon its merits.

**2.—Same—Continuance—Material Testimony.**

Where there was nothing in the record to controvert the allegations of diligence and the materiality of the absent testimony to show that the desertion was not wilful, the application should have been granted.

**3.—Same—Evidence—Letter.**

Where, upon trial of wife and child desertion, defendant offered to introduce in evidence the contents of a letter written by appellant's wife,

after the separation, to appellant's mother, in which she sent a message to appellant's brother and which related to her infidelity, the same should have been admitted in evidence.

**4.—Same—Infidelity of Wife—Evidence.**

Defendant also should have been permitted to prove the conduct of the men who were working for him, relative to going to appellant's house in his absence.

**5.—Same—Charge of Court—Requested Charge.**

Where, upon trial of wife and child desertion, the infidelity of defendant's wife was an issue in the case, and the main charge failed to submit this defensive issue, a requested charge should have been submitted.

Appeal from the County Court of Kaufmann. Tried below before the Honorable W. P. Williams.

Appeal from a conviction of wife and child desertion; penalty, a fine of $50.00 and one year confinement in the county jail.

The opinion states the case.

*Cooley & Crisp* for appellant. On question of infidelity of wife, Janak v. State, 246 S. W. Rep., 1039.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of a misdemeanor from which he appeals. He seeks enlargement pending the same upon a bond which, as it appears from the record, is not approved either by the sheriff or the judge who tried the cause. Article 918, C. C. P., Sweak v. State, 91 Texas Crim. Rep., 372, 239 S. W. Rep., 615; Smith v. State, 92 Texas Crim. Rep., 436, 244 S. W. Rep., 511.

For the defect in the bond the appeal must be dismissed.

*Dismissed.*

### ON REHEARING.

### October 31, 1923.

HAWKINS, JUDGE.—Appellant was convicted for child and wife desertion and his punishment assessed at confinement in the county jail for one year and a fine of fifty dollars.

The appeal was heretofore dismissed because the record as it then appeared failed to show that the appeal bond had been approved by the proper officer. It having been shown that this was caused by an error on the part of the clerk in copying the bond into the transcript, and that in fact it was properly approved the appeal is reinstated and the case will now be considered upon its merits.

There are two counts in the information, the first charging wilful desertion of the minor child without justification, and the second charging the wilful desertion of the wife without justification. Appellant defended upon the ground that his wife was untrue to him and that the child he was charged with having deserted was not his child. Appellant testified that he had heard rumors of the infidelity of his wife but that he did not believe them to be true until she admitted it to him and told him the child was not his, whereupon he immediately left her. It is not necessary to set out the evidence introduced by the State but it is sufficient to say that an issue was joined as to the character of appellant's wife.

The information was filed on May 18th and the case was called for trial on May 24th. Application for continuance was filed in which it is shown that process for the absent witnesses was issued on the very day the information was filed and that all of said witnesses had been served with process with the exception of one. There is nothing in the record to controvert these allegations of diligence and we therefore take them as true. Appellant alleges that he could prove by Mrs. Sallie Pettigrew that she had frequently seen men around his house with his wife while he was away; that she had frequently seen men go in the house and close the doors and windows when she knew appellant was not at home; that a short time before the separation she told appellant about this and cautioned him to watch his wife; he further alleges that he could prove practically the same facts by Ruby Pettigrew; also that he could prove by one Bill Taylor that a short time before the separation appellant's wife made improper advances to him which he refused and upon which she insisted; that the night before the separation occurred he told appellant of this and of things he had heard about her of like character; also that he could prove by one Mrs. Lambert that she was at appellant's house on the afternoon before he left his wife and heard his wife tell appellant that the baby was not his and that he might as well understand that. He also alleged in his application that he could prove by a number of these absent witnesses that they had heard appellant's wife tell him that she "did not want to live with him and hoped that he would leave her alone in order that she might live her own life." Just why the learned trial judge overruled this application for continuance we have been unable to ascertain unless it be the same theory upon which the case is briefed for the State, viz:—that it was an effort on the part of appellant to prove immorality on the part of his wife by isolated acts of misconduct. It is true this cannot be done when the purpose of such proof is the impeachment of a female witness. (See Hays v. State, 90 Texas Crim. Rep., 355, 234 S. W. Rep., 898, and authorities therein cited.) This was not the purpose, as we understand it, of

appellant in seeking to have the witnesses present and testify as it is alleged they would. He was defending upon the ground that he did not wilfully desert his wife or child but that he was justified in having done so on account of his wife's infidelity, and because the child was another man's and not his. The testimony of the absent witnesses was pertinent upon this issue and the learned trial judge fell into error in not having granted the continuance.

Appellant offered to introduce the contents of a letter written by appellant's wife after the separation to appellant's mother, in which she sent a message to Wesley Brown appellant's brother. The wife denied having written certain portions of it. Wesley Brown was one of the men with whom appellant's wife was charged with having been intimate. The contents of the letter may not have been particularly cogent, but as presented in the bill it appears to have been admissible and it was for the jury to determine its weight.

Appellant also should have been permitted to prove by the witness Reed the conduct of the men who were working for him relative to going to appellant's house in his absence. .

Complaint is made at the charge because it failed to submit affirmatively the defensive issues, and a special charge was presented covering this omission. We believe this criticism of the charge is well founded. On another trial the jury should be affirmatively charged upon appellant's defense.

For the reasons indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*