## W. B. REEVES V. STATE

No. 9940.   Delivered March 10, 1926.

**1.—Malicious   Mischief—Information—Allegation   and   Proof—Variance Fatal.**

Where a prosecution is brought by complaint and information under Art. 1467, Revised P. C. 1925, and the evidence establishes a violation of Art. 1372, the variance between the allegation and proof is fatal and the conviction must be set aside.

**2.—Same—Statutes Construed.**

Art. 5 of our P. C., 1925, provides that each general provision shall be controlled by a special provision on the same subject if there be a conflict. Art. 1372, which provides for this particular kind and character of violation, should prevail over Art. 1467, which is a general provision covering such cases as are not made penal by the law. Under this construction the instant case should have been brought under Art. 1372, and was improperly brought under Art. 1467. Following Payne v. State, 17 Tex. Crim. App. 42, and other cases cited. Also see Art. 1386, p. 1395, and Art. 1356, p. 1383, Branch's P. C.

Appeal from the County Court of Henderson County. Tried below before the Hon. Grover H. Curlee, Judge.

Appeal from a conviction shooting and wounding a cow, penalty a fine of $5.00.

The opinion states the case.

*Miller & Miller* of Athens, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The state's attorney has filed a very able brief in this case which we adopt as the opinion herein; same being as follows:

The appellant was charged by information, based on complaint, in the county court of Henderson county, Texas, with

violation of Art. 1467 Revised Penal Code 1925, p. 325, which provides as follows:

"Whoever shall wilfully kill, destroy, drive, or remove any live stock not his own from its accustomed range, without the consent of the owner, under such circumstances as not to constitute theft, shall be fined not exceeding one thousand dollars. In any prosecution under this article, after proof of the act of killing, destroying, driving, using or removing from the range of any stock not belonging to or under the control of the accused, it shall devolve upon the accused to show any fact under which he can justify or mitigate his act."

Appellant was tried before a jury and a verdict of guilty rendered against him, his punishment being assessed at a fine of $5.00.

All of the testimony introduced on the trial of this case shows that the appellant shot and wounded a cow that was in his field eating and destroying his cotton. The state proved by several witnesses that appellant's field was just outside the limits of the stock law and adjoined the farms of other persons that were included in the stock law territory. The state also proved by several witnesses that appellant's fence was in very bad condition and for several hundred yards there was no fence at all, or very little fence.

The statute under which appellant was charged was passed originally by the legislature in 1866 (Acts 1866, p. 1880) and is a general law under the head of Driving Livestock from Range. On October 18, 1871, an act was passed by the legislature making it a penal offense "For any owner, proprietor, lessee, or other person in charge of cleared and cultivated land surrounded by an insufficient fence, etc., to kill with fire-arms any cattle, horses, or hogs of another within such enclosure," and defining what an insufficient fence is. The statute quoted above is now Art. 1372, Revised Penal Code 1925, p. 308, and reads as follows:

"Any owner, proprietor, lessee, or other person in charge of cleared and cultivated land surrounded with an insufficient fence, or the agent or employee of such person, who shall, with fire-arms, dogs, or otherwise, maim, wound or kill any cattle, horses or hogs of another within such enclosure, or who shall cause or procure the same to be done, shall be fined not less than ten nor more than two hundred dollars. An 'insufficient fence' means a fence less than five feet high, or with openings, or crevices in some part thereof sufficiently

large for the passage of the animal so maimed, wounded or killed."

This article of the statute is under the head of Malicious Mischief and clearly covers the facts in this case, as shown by the state's evidence, and in our opinion the complaint and information should have been drawn under this article of the statute, instead of Art. 1467 which is a general provision covering such acts as were not specifically made penal by the statutes prior thereto. Art. 1372 is an act relating to and making it an offense to do certain specific things, and says, "Any owner, proprietor, or other person in charge of cleared and cultivated land surrounded by an insufficient fence, etc., who shall with fire arms, dogs, or otherwise, maim, kill or wound any cattle, etc., of another within such enclosure shall be fined not less than ten dollars nor more than two hundred dollars." According to the evidence in this case, the animal was wounded inside of appellant's cleared and cultivated land surrounded by an insufficient fence, and the offense shown by the testimony is clearly covered by Art. 1372.

There is another article of the Penal Code, under General Objects, Principles, and Rules of Interpretations, which says, "Each general provision shall be controlled by a special provision on the same subject, if there be a conflict." (Art. 5, Penal Code 1925) and under this article we think Art. 1372, which provides for this particular kind and character of violation, should prevail over Art. 1467 which is a general provision covering such cases as are not specifically made penal by the law. See Art. 1386, p. 1395, and also Art. 1356, p. 1383, Branch's Penal Code, on this subject. Also Payne v. State, 17 Tex. Crim. App. 42; Brewer v. State, 28 Tex. Crim. App. 565; Hobbs v. State, 170 S. W. 1100.

For the error above discussed the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.