F. J. Meyer v. The State.

No. 23030. Delivered January 24, 1945.
Rehearing Denied February 28, 1945.

The opinion states the case.

Tom Sanders and Jno. R. Francis, both of Houston, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a complaint charging malicious mischief and was fined $200.00.

Appellant lived on a three-acre tract of ground inclosed by a fence of three wires in which he kept some stock. A neighbor had an adjoining tract, a little smaller in size, on which he kept three horses. The fence between them apparently was inadequate to keep the stock separated and appellant sought to make it effective by charging the top wire with electricity. This was done by connecting it with the electric light wires in his home, carrying one hundred and ten volts. The practice of charging fences with electricity is a common one in the community but it is usually attained by dry cell batteries which charge the wire

with twenty-eight volts. A hundred and ten-volt current is sufficient to kill human beings or animals but twenty-eight volts is not.

Appellant and his neighbor were strangers to each other and there is no indication of any animosity existing between them. There is no denial on the part of the appellant that he charged the wire with electricity, as stated above, but he says he did so for the purpose of keeping the stock away from the fence, his own as well as his neighbor's, and that he would not have done so had he known the current to be sufficient to kill one of the animals. The fact that his own stock were exposed to the same fence lends verity to his statement.

The State made no effort to prove evil intent on the part of the appellant but relies wholly on the general rule that intent to injure might be presumed from the perpetration of the act. The case was tried to the court without a jury and there is no charge on the subject but it is perfectly apparent that the trial court indulged such presumption, without which the evidence will not sustain the conviction. If the court is authorized under the law to indulge such presumption of intention under the facts of this case the judgment must be affirmed. If he is not so authorized then the judgment should be reversed. A reasonable interpretation of the law from decisions of this court apparently does not sustain the State in this case.

Choate v. State, 221 S. W. 980, is a case in which the hogs of one Sikes had depredated the property of Choate, which was inclosed by an inadequate fence. Choate admitted killing the hog on his premises and claimed that it was for the protection of his peanuts and not for the purpose of injuring Sikes, against whom he held no animosity. Judge Morrow, in writing the opinion, concluded:

"Such conviction could be sustained only upon proof that the intent was to injure the owner of the animal. Such intent could not be inferred from the injury for the reason that the inference that the animal was killed in the protection of his property, * * *, would be drawn unless the contrary appeared. See Thomas v. State, 14 Tex. App. 200; Caldwell v. State, 55 Tex. Cr. R. 164, 115 S. W. 597, 131 Am. St. Rep. 809; Hobbs v. State, 75 Tex. Cr. R. 337, 170 S. W. 1100."

In this case there was admittedly an intention to kill the hog, a right which Choate claimed for the protection of his property. Since the fence inclosing his peanuts was inadequate

the State contested this right but did not prove animosity. The quotation from the opinion expresses the conclusion of the court.

To like effect is the holding of this court in Preston v. State, 6 S. W. (2d) 757.

It would be a harsh rule which would in every case impute intent from the fact of the commission of an act resulting in injury. The death of the animal in the instant case is too remote and the presumption would not follow because the wire was charged with electricity, in the absence of any showing of ill will towards the owner of the animal. The action is not against the appellant for killing the animal but for killing the animal WITH THE INTENT TO INJURE THE OWNER. The act which he committed, unwise and dangerous as it was, could just as well have resulted in injury to himself and would undoubtedly have so resulted had his own animals been first to contact this wire. Under the circumstances of the case he could not have been assured that the neighbor's horse would be the first and only animal to be injured. We think that the exception to the rule is much more apparent in the instant case than in those cited above.

For the insufficiency of the evidence the judgment of the trial court is reversed and the cause is remanded.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Two articles of our Penal Code deal with the killing of animals. Article 1373 P. C. (1925) makes it an offense to wilfully kill an animal with intent to injure the owner, and provides that "in prosecutions under this article the intent to injure may be presumed from the perpetration of the act." Article 1374 P. C. (1925) condemns one who "needlessly" kills an animal.

The present prosecution is under Article 1373. The presumption of intent to injure is a rebuttable presumption, and may be overcome by the very facts of the transaction. It is the position of the State that the case having been tried before the court it was within his province to determine the credibility of the witnesses, and that he evidently did not give credence to the testimony of appellant claiming no intent to kill the animal here involved, but that his only purpose in charging the wire with electricity was to protect his enclosure, and without knowledge that the wire carried enough voltage to kill a person or animal.

This may be conceded, and we do not assume authority to substitute our judgment for that of the trial court upon an issue of fact.

It is undisputed that the owners of the horse killed had only lived on the property adjoining appellant for a few weeks. They only knew one another by sight. There is no evidence even hinting at disagreements or animosities between the families, nor does any other reason appear why appellant would want to injure the owner of the horse.

He may have been careless and negligent in not ascertaining the voltage the wire on the fence would carry and its probable effect, but under the circumstances we cannot bring ourselves to believe the State has shown a wilful act on his part with intent to injure a neighbor with whom he had no acquaintance.

The motion for rehearing is overruled.