PETE KUNZ v. STATE

No. 29,502. January 29, 1958.
Appellant's Motion to Reinstate Appeal Granted March 5, 1958.

*Guy Hardin*, Shamrock, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of whiskey for the purpose of sale in a dry area; the punishment, a fine of $500.00.

The appeal bond appearing in the record is fatally defective in that it does not appear to have been approved by either the county judge or the sheriff as required by Art. 830, Vernon's A.C.C.P. Brown v. State, 93 Texas Cr. R. 313, 247 S.W. 288 and Lee v. State, 154 Texas Cr. R. 152, 162 S.W. 2d 409.

The appeal is dismissed.

Opinion approved by the Court.

ON MOTION TO REINSTATE APPEAL

MORRISON, Presiding Judge.

The record has now been perfected, and the case will be considered on its merits.

In view of our disposition hereof, a recitation of the facts will not be deemed necessary.

The vital issue in the case was whether the appellant knew that the bottle of whiskey which was found by the officers behind the seat in his pickup was in the truck or whether it had been placed there by his friend Miller without his knowledge, as testified by the appellant and Miller.

The state was permitted on cross-examination to ask the appellant if, while in jail, he had not had a telephone conversation with another friend in which he asked him to take the "stuff" out from behind the seat of his pickup before he brought it to the jail.

It has been the consistent holding of this court under Article 727, V.A.C.C.P., that statements made while under arrest, not coming under the requirements of an oral confession and not a part of the res gestae, are not admissible. See Womack v. State, 160 Texas Cr. Rep. 237, 268 S.W. 2d 140, and annotations appearing under Note 7, Article 727, supra.

For the error pointed out, the judgment is reversed and the cause remanded.