S. U. SMITH ET AL. v. E. J. GEER.

No. 617.

1. **Liquor Dealer's Bond—Breach of Condition—Charge.**—In a suit for breach of a liquor dealer's bond, which provided, that he "will not permit any person under the age of 21 years to enter and remain in his place of business," it is material error for the court to charge the condition as being only that the dealer shall not permit such minor to enter into his place of business.

2. **Evidence—Age—Family Bible.**—Where both the parents of a child have testified on the trial as to his age, an entry of the age in the family Bible is not admissible.

ERROR from the County Court of Grayson. Tried below before Hon. E. P. GREGG.

*R. R. Hazelwood* and *Wilkins & Beaty*, for plaintiffs in error.—1. It was no breach of appellant's bond to permit L. J. Geer, a minor, to enter their place of business, unless they permitted him to enter and remain, and it was error for the court to give the charge quoted in the fifth assignment, and refuse to give the one mentioned in the ninth assignment.

2. The writing in a family Bible is not admissible in evidence to prove the date of the birth of a person whose age is in issue, where the person making such entry or causing the same to be made is alive and present in court, and testifying as a witness in his own cause. 1 Whart. on Ev., 2 ed., sec. 219; Johnson v. Earheart, 49 Texas, 554; 1 Greenl. on Ev., 4 ed., sec. 104.

*E. F. Brown,* for defendant in error.—The court in the first paragraph of its charge having instructed the jury fully as to the conditions of said bond alleged to be violated, and what was necessary to be found by them as proven in order to find for plaintiffs, the mere leaving out of its second paragraph through mistake the words, "and remain therein," could not have influenced the jury in finding a verdict nor resulted injuriously to defendants, and is not reversible error.

LIGHTFOOT, CHIEF JUSTICE.—On January 16, 1892, E. J. Geer filed suit in the County Court of Grayson County against S. U. Smith and E. P. Dean on their bond as retail liquor dealers, and against R. R. Dixon, J. P. Hopson, Jeff Jennings, Jo Rafelli, and A. A. Fielder as sureties on said bond. He claimed liquidated damages in the sum of $500 for a breach of said bond. He alleged that Smith & Dean were engaged in the retail liquor business in the city of Sherman, under a bond as the law requires, and that on January 1, 1892, and on each succeeding day thereafter until the filing of this suit, they permitted his son, L. J. Geer, a minor, to enter their place of business and remain therein, and that he, defendant in error, was and is aggrieved thereby.

The case was tried before a jury on November 4, 1892, resulting in a verdict in favor of defendant in error for the sum of $500, upon which judgment was rendered, and this case is brought up on writ of error.

It will only be necessary for us to notice a few of the assignments of error in disposing of the questions raised by plaintiffs in error.

The fifth assignment of error is as follows: "The court erred in the second paragraph of his charge in instructing the jury as follows: 'The law and the conditions of their bond require that they do not permit a minor under said age *to enter in* their house and place of business.'"

This suit is for the breach of the liquor dealer's bond, which provides, that he "will not permit any person under the age of 21 years *to enter and remain in* such house or place of business." That portion of the charge which states the law and conditions of the bond as not permitting a minor *to enter* the house or place of business, is erroneous, and calculated to mislead the jury. It is true, that in another portion of the charge the court does apply the law properly to the facts, and virtually holds, that before a verdict can be found for plaintiff it must appear that the defendants permitted the minor to enter their place of business and remain therein; but we are not prepared to say, under the facts of this case, that this error upon the main question did not mislead the jury. The error is made more potent by a special charge asked by defendants upon the subject, which was refused.

2. Inasmuch as the judgment must be reversed for the above error, we will pass upon another question which will be likely to arise upon another trial, though not properly raised in the original brief of plaintiffs in error. The second assignment is as follows: "The court erred in permitting the writing, 'Loranza Jefferson Geer was born July 31, 1873,' which appeared in plaintiff's family Bible to be read in evidence, over defendant's objection, because the writing was not made at the date of the birth of the child, but was made long afterward at the request of plaintiff, because the same was hearsay, and because it was a self-serving declaration of plaintiff."

There was some controversy in the case as to the age of L. J. Geer, the claimed minor. The father and mother were both living, and both testified upon that question on the trial. The plaintiff offered in evidence the above entry in the family Bible, which was admitted by plaintiff to have been made in 1883 by a man named Rhodes, under the direction of plaintiff. It was objected to by plaintiffs in error, and exceptions properly taken to its admission.

The doctrine of our court is clearly laid down in an opinion by Judge Wheeler in the case of Campbell v. Wilson, 23 Texas, 253, as follows: "The entries in the family Bible, offered to prove the date of defendant's birth, were excluded, upon the ground that there was better evidence accessible, his mother being within reach of the pro-

cess of the court. In this there was no error. It has been considered that these entries stand on the ground of family acknowledgments, and that they are admissible on account of their publicity, without proof that the entries were made by a member of the family. 1 Phil. on Ev., 231, 216, note 2; 2 Russ & M., 162. But when better evidence is shown to be accessible, they are excluded, by the rule that excludes the secondary when primary evidence can be obtained. When admitted, it is in general, as the declarations of the persons by whom they were made. But they can not be received where the father or mother or other declarant is present in court, or within reach of process. 1 McCord, 165. Thus, the mother's entry in the family Bible was held to have been properly rejected, she being in court. Leggett v. Boyd, 3 Wend., 376." See also 1 Whart. on Ev., 2 ed., sec. 219; 1 Greenl. on Ev., 4 ed., sec. 104.

The family record was clearly inadmissible as evidence, the father and mother both being in court; and the court erred in admitting it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 27, 1895.