### James Fielding v. The State.

No. 3029.    Decided May 31, 1905.

**1.—Assault to Murder—Charge of Court—Communicated Threats.**

Where the evidence of the defense showed, in a case of assault with intent to murder, communicated threats by the alleged assaulted party and hostile demonstrations, but not an actual attack upon his part, towards defendant; the court charging self-defense from the standpoint of apparent danger, it was error not to charge the law applicable to threats accompanied by a hostile act or demonstration, as if to execute the threats.

**2.—Same—Evidence—Principals.**

Where evidence was admitted that when-defendant fired at prosecutor, the former's half-brother, standing to the side or rear of the latter, also fired a shot which took effect in prosecutor's neck, there was no error in the introduction of such testimony on trial of defendant for assault with intend to murder, as it placed the defendant and his half-brother in the attitude of principals.

Appeal from the District Court of Chambers.  Tried below before Hon. L. B. Hightower.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction is for assault to murder.  It is not necessary to discuss the facts upon which the conviction is predicated.  Appellant introduced evidence along the line of self-defense; also of threats by the alleged assaulted party made shortly prior to the difficulty, which threats were communicated to him.  He introduced evidence as to the immediate facts, to the effect that the party alleged to be assaulted was approaching him in a hostile attitude, and as he came he called appellant a damn son-of-a-bitch, and put his hand to a point about the waist-band of his pants, for the purpose, as appellant thought, of pulling his pistol, whereupon appellant fired.  The

court charged self-denfense from the standpoint of apparent danger. Exception is reserved for failure to charge the law applicable to threats accompanied by a hostile act or demonstration as if to execute the threats. There had been previous trouble between the parties, and evidence introduced of threats by the assaulted party made a few moments before the difficulty. These facts, if true, or believed to be true by appellant, and he acted upon them, would have entitled him to an acquittal: at least it called for a charge on self-defense from the standpoint of attempted execution of threats. Alexander v. State, 25 Texas Crim. App., 260; article 713, Penal Code. Williams v. State, 22 Texas Crim. App., 497; Howard v. State, 23 Texas Crim. App., 265. This is the case where threats are relied on in cases of apparent danger, and is not like a case where the danger has passed beyond appearances, and become merged in actual danger, as where the party making threats has actually fired or made the deadly attack upon the threatened party as was the case in Barnes v. State, 39 Texas Crim. Rep., 184. In that case it is held, "Where in a case of murder, or an assault with intent to murder, or in any character of an assault and battery, except an assault with intent to rape, etc., the defendant relies upon threats communicated, the threats can serve but two purposes: First, to solve the probability as to who began the violence; second, to give character to or intensify an act of the adversary. To illustrate: A and B are quarreling or engaged in a wordy altercation. B places his hand to his hip. A shoots or shoots at or strikes him. In the absence of threats, the act of A would not have that significance as if, under the same state of facts, B had made threats which had been communicated to A. Take the case in hand: There was a dispute between the prosecutor, Landrum, and appellant, as to the amount appellant owed the prosecutor. The prosecutor places his hand behind him, or to his hip; and appellant draws a pistol, and shoots at him. Threats communicated would have an important bearing in such case. But suppose that the prosecutor, instead of merely placing his hand to his hip or behind, draws a pistol, and fires at appellant, threats would have no bearing on the case, because appellant would be perfectly justified in shooting independent of threats. Now, there is no act of the prosecutor, under the appellant's theory, which can be viewed in the light of threats, so as to give significance thereto. If appellant's theory be true, he did not need the threats to acquit him. The act of the prosecutor was such as to require no explanation. The prosecutor shot at him without any provocation whatever; and, if the jury did not believe this there was no theory of the case presented by the evidence in which threats could have figured at all. Threats, as before stated, are used for the purpose of giving character and significance to doubtful cases; but, where the case is one in which the adversary uses a deadly weapon in a deadly manner, threats can serve no purpose whatever, save and except as tending to shed light upon who began the difficulty. If the jury failed to believe the theory of the defense, then they believed that of the State,

which was that without any provocation whatever, appellant made a deadly assault upon the prosecutor. If the jury believed the defendant's testimony, a verdict of not guilty should have been rendered, whether or not threats had been made." In the case before us, however, there was only a demonstration to draw a pistol, and the facts bring this case within the rule laid down in Alexanders and Williams cases, supra.

There is another question perhaps necessary to be noticed. When appellant fired upon the assaulted party, his half-brother standing to the side or rear of said assaulted party, also fired a shot, which took effect in his back. Objection was urged to the introduction of the shooting by this half-brother. We think this testimony was clearly admissible. They were acting together, at least the facts were of sufficient cogency to put them in the attitude of principals in the transaction.

For the failure of the court to charge the law of self-defense, viewed from the standpoint of threats, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.