HARVE DODDY v. THE STATE.

No. 6731.   Decided March 8, 1922.

Rehearing Granted May 3, 1922.

1.—Rape—Transcript—Caption—Recognizance—Practice on Appeal.

Where the caption of the transcript was defective, and the purported recognizance was not in accord with the statutes, the appeal must be dismissed. However, these matters having been corrected, the cause is considered upon its merits.

2.—Same—Age of Prosecutrix—Bible—Evidence.

Where it appeared from the record upon trial of rape, that notwithstanding the personal presence and testimony of the parents of prosecutrix to her age, at the time of the alleged rape, the State was permittted to introduce in evidence a Bible, showing the age of such injured female, etc., the same was reversible error. Following Rowan v. State, 57 Texas Crim. Rep., 625, and other cases.

Appeal from the District Court of Morris. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Henderson & Bolin,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Morris County of the offense of rape, and his punishment fixed at five years in the penitentiary.

Our Assistant Attorney General has moved to dismiss this appeal because of the fact that the caption to the transcript is so defective in character as to make it impossible to ascertain whether the bills of exception and statement of facts were filed within the time fixed by law. The motion must be granted for this reason, and also because the recognizance is insufficient. The caption of the transcript, which appears to be an excerpt from the minutes of the District Court of Morris County, states that the trial term of the court began on the 11th of April, 1921, but nowhere states the length of time of said term, nor when same ended. The transcript appears to have been filed in the Court of Criminal Appeals on November 30, 1921, and the certificate of the clerk of the District Court of Morris County is of date November 10, 1921. Appellant's bills of exception seem to have been filed in the court below on August 6, 1921. The statement of facts also appears to have been filed in the court below on August 6th. It being impossible of ascertainment from said caption as to whether said bills of exception and statement of facts were filed within the time allowed by law, because of the defective character of said caption as above mentioned, the motion of the State to dismiss is granted. The recognizance in the record is not in accord with Article 903, Vernon's C. C. P., but appears to be in form for such recognizance for appearance in the trial court. This is not a proper recognizance for appeal, and for this reason also, it is ordered that appellant's appeal be dismissed.

*Dismissed.*

ON REHEARING.

May 3, 1922.

LATTIMORE, JUDGE.—The defective caption and recognizance which caused the dismissal of this appeal at a former day of the term, having been corrected, the case will now be considered by us upon its merits.

We find no error in any of the matters complained of by appellant save that shown in bill of exceptions No. 4. Therefrom it appears

that notwithstanding the personal presence and testimony of the father and mother of prosecutrix, to her age at the time of the alleged rape, the State was permitted to introduce in evidence a Bible showing the age of such injured female, as there entered by her mother about the year 1908 when it appears prosecutrix was about three years old. The prosecution was for rape upon a female under the age of consent and the issue of non-age was sharply contested. When there is an issue made by the evidence as to the age of the alleged injured female, this court seems to have uniformly held inadmissible books or record entries of any kind as to such age, when the evidence of the parents or the makers of the record, is obtainable. The identical point was discussed in Rowan v. State, 57 Texas Crim. Rep. 625, and the evidence of a family Bible showing the entry of the age of prosecutrix, was held inadmissible and also hurtful. See also Stone v. State, 45 Texas Crim. Rep. 91; Haywood v. State, 61 Texas Crim. Rep. 92. Following these authorities the judgment of the trial court must be reversed and the cause remanded for the error of the admission of the book showing the age of prosecutrix, and it is so ordered.

*Reversed and remanded.*