### Jim Curtis v. The State.

#### No. 7436.  Decided February 21, 1923.

**Robbery—Transcript—Practice on Appeal—Sufficiency of the Evidence.**

Where the date of the beginning and the ending of the trial term, is not set forth in the transcript, the appeal must be dismissed. However, the record having been corrected, the appeal is considered on its merits, and the evidence being sufficient to sustain the verdict, the judgment must be affirmed.

Appeal from the District Court of Polk.  Tried below before the Honorable J. L. Manry.

Appeal from a conviction of robbery; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*Cade Bethea* and *R. H. Jones,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Polk County of robbery, and his punishment fixed at five years in the penitentiary.

The State moves to dismiss the appeal because of a defective caption in the transcript. Said caption is as follows:
"The State of Texas,
County of Polk.

At a term of the District Court, begun and holden within and for the County of Polk, at Livingston on the —— day of —— A. D. 1922, the Hon. J. L. Manry, judge thereof, presiding, the following cause came on for trial, to-wit:

The State of Texas

No. 5242 vs.

Jim Curtis."

It is manifest from this that the date of the beginning and ending of the trial term is not set forth, and the State is thus deprived of any power to ascertain whether the statement of facts, etc., were filed within the term. The State's motion is well taken, and the appeal is dismissed. Loving v. State, opinion handed down October 4, 1922.

*Dismissed.*

#### ON MOTION TO RE-INSTATE APPEAL.

#### February 21, 1923.

LATTIMORE, Judge.—This case was dismissed at a former day of the term because of a defective caption. *Certiorari* was granted ap-

pellant and a new caption properly certified by the clerk of the trial
court has been presented, and upon motion the appeal is re-instated
and is now considered on its merits.

There is not a bill of exceptions in the record. Appellant's insist-
ence in this court is that the testimony does not support the verdict.
The charge against appellant was that he made an assault upon some
person whose name was to the grand jury unknown, and by said as-
sault and by violence and by putting said person in fear of life and
bodily injury, and by exhibiting a firearm, to-wit: a pistol, that he,
appellant, took from the person and possession of said unknown per-
son a bottle of liquor. The testimony shows that on the day in ques-
tion a large number of negroes were on a railroad train. One of
said negoes, sufficiently shown to have been unknown to the others
and to have been unknown to the grand jury at the time the indict-
ment was returned, and whose name they could not ascertain by the
exercise of reasonable diligence,—was shown to have been in posses-
sion of certain liquor. One of the witnesses testified that he saw
said unknown negro with a grip with some liquor in it, and that he
had a quart bottle of liquor on the seat between his knees, and that in
a short time appellant came up to the seat where said unknown negro
was. Apparently about this time the train stopped at the station
where appellant was going to get off. A number of witnesses testi-
fied that they saw appellant going backward toward the door of the
coach, holding a pistol in one hand and a bottle in the other, and that
said unknown negro was following him and appellant was telling the
other negro to go back, go back. The other negro followed appellant
to the door of the coach, the two men maintaining this relative atti-
tude toward each other. The other negro was talking loud and ap-
pellant was warning him to go back, and one witness said appellant
stated, "You had better go back." One witness said the bottle appel-
lant had in his hand was a quart bottle and seemed to be the one
that was shortly before that sitting between the knees of the unknown
negro. When appellant backed to the door he jumped off the train
and a witness testified that he saw him shortly after he got off the
train; that appellant was drinking some whisky out of a bottle and
that he asked appellant to give him some of it and appellant said
he would not do it, and he then asked appellant where he got it, and
appellant told him he got it off the train. A witness testified that
he heard the man whom he saw following appellant as he backed off
holding the pistol and bottle in his hand, say to appellant, "Give me
back my junk." This was what witness understood him to say.

No evidence was introduced on behalf of appellant. There is no
complaint of the charge of the court, and we are unable to say that
the jury were without testimony to justify them in concluding from
the facts and circumstances that the appellant by the use and exhibi-
tion of said pistol in the manner charged in the indictment did take

from said unknown negro the bottle of liquor charged in the indictment.

So believing and finding no error in the record, an affirmance is ordered.

*Affirmed.*