### Eugene Greene v. The State.

No. 9216.     Delivered June 10, 1925.

1.—Rape—Age of Prosecutrix—Bible Entry—Incompetent When.

Where the age of prosecutrix is sought to be established by the entry made in the family bible, this evidence is not competent, unless it be shown that such entries were correctly made, and contemporaneous with the time of the birth of prosecutrix, or that the parents of prosecutrix were not accessible to the court. Following Rowen v. State, and other cases cited by appellant.

2.—Same—Evidence—Age of Prosecutrix—Properly Excluded.

The testimony introduced by the State that prosecutrix gave her age at school, and that the teacher put it down in a book as twelve or thirteen years, was erroneously admitted, under authorities above cited and also Simpson v. State, 81 S. W. 321, and Heitman v. State, 180 S. W. 708.

**3.—Same—Suspended Sentence—Plea for—When filed.**

A plea for a suspended sentence should be filed when the defendant announces ready for trial, and the trial court in the instant case did not abuse his discretion in refusing to permit appellant to file such plea after the testimony was closed. The state has the right to controvert such plea and should be given the opportunity to secure witnesses to be heard on the issue.

**4.—Same—Requested Charge—Properly Refused.**

The requested charge of appellant, that if the jury believed that prosecutrix was *under* the age of fifteen years when the offense was committed, and that her reputation for virtue and chastity was bad, that they could only consider same in mitigation of the offense and penalty therefor. Such is not the law, and the charge was properly refused.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of rape; penalty, five years in the penitentiary.

*C. R. Newland,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

The opinion states the case.

On admission in evidence of entries made in a bible to establish age of prosecutrix, appellant cites: Bowen v. State, 124 S. W., 668; Bibliben v. State, 151 S. W., 1044; Stone v. State, 73 S. W., 956; Smith v. State, 30 S. W. 1108.

BAKER, JUDGE.—The appellant was indicted, tried and convicted in the district court of Cass County for the offense of rape upon one Janie Williams alleged to be under the age of eighteen years, and his punishment assessed at five years in the penitentiary.

The statement of facts disclose that the appellant and the prosecutrix were both negroes, and show the State's theory to be that the appellant was under the age of fifteen, while the evidence produced by the appellant discloses the age of the prosecutrix to be between fifteen and eighteen years of age. The State's evidence tended to show that the alleged offense occurred with force while the defendant's evidence was a denial of any intercourse with the prosecutrix and that she was over the age of fifteen and of unchaste character.

By bill of exception No. 2, complaint is made to the action of the court in permitting the State to introduce in evidence the bible for the purpose of showing the age of prosecutrix, and entries therein, because the prosecutrix testified to having seen the entry made since her birth but did not know who entered same, and because same was

hearsay and because said witness was not shown to have been the custodian of the bible and did not make the entries, and because there is no showing as to whether the entry was correct, or under what circumstances the entries were made. We believe that the court erred in permitting this testimony and that same was not admissible unless the State had shown that said entries were correctly made and contemporaneous with the time of the birth of prosecutrix, or that the parents of the prosecutrix were not accessible to the court. Upon this point, we are cited by appellant's counsel to the following cases: Rowen v. State, 124 S. W. 668; Bibliben v. State, 151 S. W. 1044; Doddy v. State, 240 S. W. 555; Stone v. State, 73 S. W. 956; Smith v. State, 30 S. W. 1108.

We believe the authorities supra lay down the doctrine in support of the contentions made by the appellant in this case.

Complaint is also made to the action of the court in permitting the State to prove by the prosecutrix that she gave her age in at school and that the teacher put it down in a book as twelve or thirteen years. We are of the opinion that the court was in error in permitting this testimony as shown by the authorities supra, and also as shown by the following authorities: Simpson v. State, 81 S. W. 321; Heitman v. State, 180 S. W. 708.

Complaint is made to the action of the court in refusing to permit appellant to file a plea for suspended sentence, after the evidence had been closed. The court's explanation of the bill shows that he would have had to delay the case for twenty four hours to have complied with this request, in order to send for a witness necessary on this issue, said matter being left to the discretion of the court, we are unable to say that the refusal of the court to grant this request was an abuse of his discretion.

The appellant complains of the refusal of the court to give his special charge No. 1 to the jury to the effect that if they believed that prosecutrix was under the age of fifteen years when the offense was committed, and that her reputation for virtue and chastity was bad that they could only consider same in mitigation of the offense and penalty therefor. There was no error in refusing this charge.

Complaint is made to the action of the court in refusing to give to the jury appellant's special charge No. 2, to the effect that if the defendant had carnal knowledge of the witness and that if the defendant knew of her prior unchaste character, and if a person of ordinary prudence would from her appearance have taken her to be over the age of fifteen years, to acquit him. We think there is no error in refusing this charge because we are of the opinion that same is not a proper enunciation of the law.

There is also complaint urged to the insufficiency of the testimony in this case, which appears to us was not very cogent, but, owing

to having to reverse this case for the errors above mentioned, we decline to at this time pass on that issue.

For the reasons above stated, we are of the opinion that the judgment of the trial court should be reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.