Lofton Wall v. The State.

No. 11684.   Delivered February 29, 1928.
Rehearing on corrected record delivered March 16, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

*John Doyle* and *Smith & Abernathy* of McKenney, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for four years.

The recognizance recites that appellant "stands charged with the offense of assault with intent to murder," but fails to show that appellant has been convicted. It is necessary that the recognizance or appeal bond show that appellant has been convicted. Article 817 C. C. P.; Wilmering v. State, 272 S. W. 463. Appellant being enlarged under a defective recognizance, this court is without jurisdiction. Rhea v. State, 275 S. W. 1021.

The appeal is dismissed.

*Dismissed.*

The record has been corrected so as to show a proper recognizance and the appeal is therefore reinstated and the case will be considered on its merits.

Appellant and the assaulted party were brothers-in-law between whom there existed an enmity. The appellant introduced communicated threats purported to have been made by the assaulted party against him previous to the difficulty. Thereupon the State intro-

duced several witnesses who testified to the assaulted party's good reputation as a quiet, peaceful and inoffensive man. Objection was made to this testimony for the reason, as we understand it, that Art. 1258 of the Penal Code applies to murder cases and not to assault to murder cases. Part of this article reads: "In every instance where proof of threats has been made, it shall be competent to introduce evidence of the general character of the deceased." It is claimed that since the assaulted party was living and not "deceased," the article would not apply. This exact question was before this Court in the case of Smith v. State, 55 Tex. Crim. Rep. 628, in which the Court said:

"We think after all the statute is but declaratory of the general rule and to limit it to cases of actual death of the person assaulted would be to nullify its salutary provisions." See also Bingham v. State, 6 Tex. Crim. App. 169.

The case of Jupe v. State, 217 S. W. 1041, relied on by appellant, is clearly distinguishable from the instant case and merely announces the well known rule that "the good reputation of the prosecutor is not admissible in evidence as an original proposition." Of course where no attack had been made on the character of the assaulted party and no threats had been introduced, this would be true.

It was shown by bill of exception that after appellant had shot prosecuting witness he went to his home, a distance of something like a half mile, and there met his brother and said: "Come here" and took me in the north room, and he said, "I have had trouble with Levi," and I said, "You have again," and he said, "Yes, I have shot at him," and I said, "How did you come to do that?" Whereupon, appellant related all of the details of the trouble, which was excluded by the Court. It is claimed this was res gestae. The facts of each case must guide this Court in determining whether a statement was in fact res gestae. There is no fixed rule in Texas to which we can look for guidance. It may be stated generally that where the statement of a defendant is disconnected from the main transaction and appears to be a statement or relation of how it occurred, there being a break or let-down in the continuity of the transaction and the statement lacks the character of instinctiveness, it is not admissible as part of the res gestae. Pharr v. State, 10 Tex. Crim. App. 485. Branch's P. C., Sec. 84. The statement on its face lacks that instinctive and spontaneous character which is held to be an indispensable prerequisite to its admissibility and in our opinion the Court was correct in excluding same.

By a physician appellant offered to prove that he was at the time of the trial suffering from tuberculosis and could not live long in the penitentiary, if sent there. We are unaware of any authority which makes the presence of a disease of itself a defense to a crime. There might be issues in the trial that would make this testimony admissible but none of them appear to be present in the instant case.

Complaint is made of the argument of the County Attorney but same has not been preserved by bill of exception and nothing is therefore presented for review.

· Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We regret that we overlooked a motion made and filed with the clerk of this court by appellant calling attention to the fact that in making up the transcript originally herein, a bill of exceptions taken to the argument of the county attorney was omitted, because lost, discovering which fact appellant made a motion in the trial court to substitute said lost bill of exceptions, which motion was granted and an order entered by the trial court directing the filing of a substitute bill, the motion of appellant filed in this court being to have said substitute bill incorporated in the transcript before us by writ of certiorari or in any way deemed necessary. The motion of appellant being accompanied by certified copy of the bill of exceptions so ordered substituted, we do not deem it necessary to the orderly disposition of this case, that we set aside the judgment of affirmance and make an order that the record be corrected by bringing into same the said substituted bill of exceptions. We deem it entirely within the power of the court, and also proper, that we now consider said bill of exceptions in connection with this motion for rehearing, and it is accordingly done.

From said bill it appears that the county attorney, in his closing argument, alluded to the fact that while appellant's attorney was arguing the case to the jury he stated that appellant did not have the look of a criminal or desperado, and that he was of a retiring disposition. Said bill further shows that the county attorney in that connection stated that the law did not give the State the right

to prove what kind of a man defendant was, but did give that right to the defendant, and why didn't the defendant bring his neighbors here and prove that he was a peaceable and quiet man, rather than to leave it to Mr. Smith's argument; that appellant's neighbors would know better about it than Mr. Smith. We find in the bill of exceptions and in the record no request for an instruction that the jury not consider such argument on the part of the State's attorney. We do not regard it of such harmful character as that its effect, if any at all, could not be removed by such charge. In fact we are inclined to believe the argument invited by the remarks of appellant's attorney, and that there was no transgression of the rules in making the reply which the State's attorney made. Patterson v. State, 87 Tex. 95; Terry v. State, 101 Tex. Cr. Rep. 267.

We have tried to discover if there be any authority supporting appellant's contention in regard to the admission of the testimony of Dr. Largent, but have found none. We do not think the rejection of the testimony of said doctor in any way violative of the constitutional inhibition against cruel and excessive punishments.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*