## NOBLE v. STATE. (No. 12405.)

Court of Criminal Appeals of Texas.
April 17, 1929.

Appeal Reinstated May 22, 1929. Rehearing Denied June 19, 1929. Second Rehearing Denied June 27, 1929.

Hamilton, Fitzgerald & Grundy, of Memphis, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for driving an automobile upon a public highway while intoxicated; punishment, a fine of $100 and 90 days in the county jail.

█ Inspection of this record reveals the fact that the transcript contains no caption from which we can ascertain the term of the court below, if any, at which the case was tried. We are without information as to when the term was held, convened, or adjourned. In such condition the only course open to us is to dismiss the appeal. Davis v. State, 88 Tex. Cr. R. 183, 225 S. W. 532; Williams v. State, 91 Tex. Cr. R. 115, 237 S. W. 920; Doddy v. State, 91 Tex. Cr. R. 634, 240 S. W. 555; Curtis v. State, 93 Tex. Cr. R. 448, 248 S. W. 362.

The appeal is dismissed.

### On Motion to Reinstate Appeal.

At a former day of this term this appeal was dismissed because the transcript had no caption. This defect has been remedied. The appeal is reinstated.

█ The allegation in the indictment herein is that appellant while intoxicated operated a motor vehicle on a public street of the *city* of Memphis, Tex., an incorporated *city* duly incorporated under the laws of Texas. From the records of the county clerk's office it was shown that in 1906 Memphis, Tex., was incorporated as a *town*. It is further in testimony that continuously since said time Memphis has been an incorporated *town*. The place where appellant drove said car on the occasion in question was within the limits of the original incorporation. We think the fact that the indictment alleged the driving of the car to be within a city, and the proof having shown it to be within an incorporated town, was no variance such as would call for a reversal of this case. Mr. Webster's definition of a "city" is an incorporated town. This is approved in Borders v. State (Tex. Cr. App.) 66 S. W. 1102. See also Bouvier's Law Dictionary, 496; 6 Am. & Eng. Ency. of Law, p. 32; Mitchell v. Franklin County Treasurer, 25 Ohio St. 154; 11 Corpus Juris, p. 787. We also observe that the witnesses spoke of Memphis as the city of Memphis. Article 802, P. C., denounces the operation by an intoxicated driver of a motor vehicle upon any street or alley or other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this state. Did appellant know from the allegation above mentioned the place where he was charged with driving this motor vehicle? We think he did. Was he misled by such allegation? We think he was not. We cannot sustain the contention of appellant.

The objection to the order of the commissioners' court containing the original plot of said town has been substantially passed upon in the case of Hext v. State (No. 12115) 15 S.W.(2d) 619, opinion March 20, 1929. The facts in testimony seem to support the judgment of conviction.

The judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. █ Appellant calls attention to a matter not adverted to in our original opinion. The indictment alleges that appellant while intoxicated operated a motor vehicle on "5th Street and 6th Street" in the city of Memphis. It is appellant's contention that if the evidence shows the commission of the offense, it occurred on Fifth street and not on Sixth street at all, and having alleged that it occurred on both streets, it is necessary to prove it, else there would be a fatal variance. We do not think so. The other questions presented in the motion were discussed originally and seem to have been correctly decided.

The motion for rehearing is overruled.

### On Application to File Second Motion for Rehearing.

MORROW, P. J. █ The purported record of the map of the city of Memphis was improperly received in evidence. The conditions upon which the record of an instrument entitled to registration may be used as evidence are set forth in article 3726, Revised Civil Statutes 1925. The provisions of the statute, as shown by the bill, were not complied with. The error in its reception would not warrant a reversal for the reason that by oral testimony, opposed by no objection, proof was made that the offense was committed within the corporate limits of the city and at the place charged in the indictment.

The motion is overruled.