OREN HEARNE V. THE STATE.

No. 16199. Delivered January 3, 1934.
Reported in 66 S. W. (2d) 693.

The opinion states the case.

*Davis, Avery & Wallace,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two years in the penitentiary.

We see no need for setting out the facts at any length. All parties to the controversy are negroes. The state claimed cold-blooded attempt at assassination. The defense was that extending over a period of two years and at various times the injured party Brown had threatened appellant, and on various occasions had made efforts to injure him. Appellant testified that following an attempted assault upon him on Saturday night, on the following Tuesday night he passed a place where Brown was, that Brown came out of a house and started toward him, using a vile epithet and threatening then to kill him. He said as Brown advanced upon him he pulled his pistol and shot him.

The court's charge was excepted to for its failure to submit the law of self-defense based on threats. Appellant affirmatively testified to various threats made by Brown to kill him, and that on the Saturday night before the shooting Brown had chased him through a crowd with a drawn knife. As above stated, he said that on the night in question Brown came out of Tete Williams' house, called to him and asked him where he was going, called him a s—n of a b—, said he was going to kill him, and advanced upon him, and that he drew his pistol and shot Brown to stop him.

The trial court gave a full and commendable charge on self-defense, save that he failed to charge on such defense when based on threats,—even after the omission was called to his attention by exception. We can not say that the act of Brown in advancing on appellant was not the overt act evidencing an intention to execute previous threats; nor that the words and acts of Brown at the time might not have been regarded by the jury as sufficient proof of the justification alluded to in article 1258, P. C., giving to anyone the right under certain circumstances to justify self-defense upon previous threats followed by some act or demonstration of the party having made such threats. Authorities are many. Tillery v. State, 24 Texas App., 251; Chapman v. State, 42 Texas Crim. Rep., 138; Fielding v. State, 48 Texas Crim. Rep., 334; Carden v. State, 59 Texas Crim. Rep., 501; Ware v. State, 68 Texas Crim. Rep., 376;

Rutland v. State, 88 Texas Crim. Rep., 114; Collins v. State, 97 Texas Crim. Rep., 31; Emmons v. State, 100 Texas Crim. Rep., 264; Pryor v. State, 120 Texas Crim. Rep., 418. Other authorities are collated under section 2083 of Mr. Branch's Annotated P. C. See, also, Lofton Wall v. State, 110 Texas Crim. Rep., 116, holding the law of such self-defense to be applicable even in assault to murder cases. We do not think there is anything in appellant's other exception.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*