# JUNE 23, 1937

EUEN S. PARKER V. THE STATE.

No. 18999.　Delivered May 5, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*J. J. Fagan,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault to rob; the punishment, confinement in the penitentiary for ten years.

L. J. Nauroth testified that on the 20th of October, 1934, three men came to his place of business in an automobile; that appellant and one of the men got out of the car and came to the door where the witness was standing; that appellant said to him: "Get back in there;" that both appellant and his companions exhibited pistols, and ordered him to deliver his money to them; that he told them that they were too late, as he had already paid out all of his money; that appellant then beat him over the head with the pistol; that after said parties left he was carried to an emergency hospital and given treatment. The witness positively identified appellant as being one of the men who assaulted him.

Appellant did not testify, but introduced witnesses in an attempt to prove an alibi.

The only bill of exception brought forward relates to appellant's objection to the testimony of an officer to the effect that, in investigating appellant's case, he had some information incriminating appellant. The bill of exception is qualified by the trial court with the statement that the same testimony had been previously admitted without objection. Appellant did not except to the qualification, and is therefore bound thereby. We quote from 4 Tex. Jur., 587, as follows:

"It is a general rule also that the admission of improper evidence does not constitute reversible error if the same facts were proved by other and proper testimony or by evidence which was not objected to, * * *."

In support of the text many authorities are cited, among them being Noble v. State, 18 S. W. (2d) 619; Holder v. State, 18 S. W. (2d) 661; Hathcock v. State, 16 S. W. (2d) 821; Enix v. State, 16 S. W. (2d) 818. In view of the qualification to the bill, we are constrained to hold that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant renews his contention that the trial court committed reversible error in permitting an officer to testify that in investigating the case he had received information incriminating the appellant. In the original opinion it was pointed out that the receipt of such testimony would not warrant a reversal of the judgment in view of the qualification appended by the trial judge to the bill of exception to the effect that the same testimony had been previously admitted without objection. Appellant did not except to the qualification, and it must therefore be given effect in appraising the bill of exception. The authorities cited in the original opinion support the rule that the admission of improper evidence does not constitute reversible error if the same facts were proved by evidence which was not objected to. We perceive no reason for not applying the rule to the present appeal.

The motion for rehearing is overruled.

*Overruled.*