## W. F. MARTIN V. THE STATE.

No. 22740. Delivered February 2, 1944.

The opinion states the case.

*Jimmie Cunningham,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for receiving stolen property, knowing it to have been so stolen; punishment assessed at two years in the penitentiary.

Apparently appellant has been released pending appeal upon a purported appeal bond which is fatally defective. In the first place, it fails to recite that appellant had been *convicted* of a felony as is required by the provisions of Articles 817 and 818, C. C. P., but recites only that appellant stood *charged* with a felony. In form the bond is for appearance for trial rather than

pending appeal and is insufficient. Doddy v. State, 91 Tex. Cr. R. 634, 240 S. W. 555; Lynch v. State, 102 Tex. Cr. R. 638, 279 S. W. 271; Wall v. State, 110 Tex. Cr. R. 116, 7 S. W. (2d) 958

In the second place, the bond in question bears the approval of the sheriff only, whereas Art. 818, C. C. P., requires the approval of both the sheriff and the trial judge. Golle v. State, 93 Tex Cr. R. 233, 246 S. W. 1040. Pages of other authorities will be found in the Cumulative Pocket Part of Vol. 3, Vernon's Ann. Tex. C. C. P., under Art. 818.

The appeal is dismissed.