Ernesto Gamez, Jr., Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Stanley **MAXWELL**, Sr., Appellant,

v.

**STATE of Texas, Appellee.**

**No. 13–81–417–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1982.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for third-degree felony theft. The indictment alleges that the offense occurred on or about August 22, 1981. At trial appellant was represented by retained counsel, Mr. Ernest Gamez of Cameron County. Punishment was assessed by a jury at two years with a recommendation that appellant be placed on probation for a period of five years. Sentence was suspended on December 4, 1981. A written notice of appeal, signed by appellant's attorney, was filed on December 16, 1981 along with a comprehensive designation of material including a statement of facts of the trial be included in the record.

The deadline for filing the statement of facts was February 24, 1982. That deadline was not met. The record also shows no effort was made to obtain extensions of time in which to file the statement of facts.

On March 10, 1982, appellant's attorney filed the following motion with the Court of Appeals:

## "MOTION TO WITHDRAW CERTIFICATES AS TO APPEAL

Comes now Ernest Gamez, Jr., attorney of this Court of Appeals, and moves that he be permitted to withdraw the Appeal and in support thereof would respectfully show unto the Court the following:

Pursuant to the request of the Defendant, Stanley Maxwell, Sr., an indigent who could not afford an attorney for an appeal has failed to sign the necessary pauper's oath affidavit. *Counsel has explicitly explained the necessity of his requirements of his appeal and has since attempted to contact him by mail.*

*Defendant has failed to sign a pauper's oath affidavit and has failed to call his attorney in regards to his Appeal,* thus the deadline for filing the pauper's oath affidavit has passed.

*Defendant has also refused to give his phone number to my secretary.*

## II.

Attorney for the defendant ... respectfully asks the Court to withdraw the Appeal for defendant's lack of concern and interest.

Wherefore, premises considered, in light of the aforementioned factors, the undersigned asks permission from the Court to withdraw the above styled and numbered cause.

Ernest Gamez, Jr." (Emphasis Added)

On April 1, 1982, this motion was denied because the requirements of Article 44.08, CCP, for withdrawing notice of appeal had not been complied with.

On May 18, 1982, the trial court, in response to an affidavit by the appellant to appoint counsel for him as an indigent, denied appellant's request because it was untimely made.

On May 27, 1982, the following letter was sent to Mr. Gamez, appellant's attorney, by the Court of Appeals:

"Here is how we propose to proceed in the above referenced appeal.

We have sent an order to the Clerk to proceed with the appellate process by complying with Article 40.09, paragraphs 1, 7, and 8, CCP. After the record is approved you should proceed to file a brief in behalf of the appellant. If you should conclude that the appeal is 'frivolous,' please comply with *Gainbus v. State,* 436 S.W.2d 137 (Tex.Crim.App. 1969) and *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App.1974).

Because appellant has failed to cooperate with your efforts to represent him, I recommend, for information purposes, that you file along with your brief an affidavit setting out the problems you have had in this regard.

> Grant Jones
> Staff Attorney
> Corpus Christi Court
> of Appeals"

On June 14, 1982, notice of completion of the record was mailed to Mr. Gamez and the attorney for the State. No objections to the record were filed. Notice of approval of the record was mailed on July 6, 1982, to Mr. Gamez and the attorney for the State.

On July 8, 1982, the record without a statement of facts was filed in the Court of Appeals. Appellant's brief was due in the Court of Appeals on or before August 6, 1982. That deadline was not met. On August 27, 1982, Mr. Gamez filed a motion for extension of time requesting that he be given until September 23, 1982. Even though this motion should have been filed on or before August 6, 1982, (Rule 6, Texas Criminal Appellate Rules), the Court nevertheless considered it and extended the deadline for filing appellant's brief until September 23, 1982. That day came and passed, and no brief was filed.

On October 26, 1982, the Court mailed Mr. Gamez the following letter:

"The deadline for filing appellant's brief in the above-referenced case was September 23, 1982. The deadline has passed and no brief has been filed.

Article 40.09(2), Texas Code of Criminal Procedure (Vernon Supp.1982) provides that *Within 30 days* after approval of the record by the court, the appellant *shall file* with the clerk of the appellate court the original and three copies of his appellate brief . . ." Attorneys who fail to file briefs are subject to contempt powers of this Court, a possible finding that they have rendered ineffective assistance of counsel, and/or other sanctions for failing to comply with the mandatory requirements of this Article and other rules relating to the filing of appellate briefs. The Court on its own motion has granted an additional 15 days from the date of this letter in which to comply with this briefing requirement. This case is set for submission on November 18, 1982, before Panel B. Docket call is at 2:00 p.m. Thereafter, the Court will proceed to consider the appeal and/or take such other action as may be required by the circumstances.

Rudy Gonzales, Jr., Clerk"

By this letter, the deadline for filing the brief was further extended until November 10, 1982. That day came and passed, and no brief was filed.

On November 16, 1982, the Court received appellant's brief with the explanation that the attorney thought he had submitted it to this Court thirty days ago.

The case was set for submission on November 18, 1982. When the case was called at 2:00 p.m. no one for appellant was present to answer. The brief that was filed was prepared without the benefit of a statement of facts. It raises some issues which cannot be properly reviewed without a statement of facts.

■ This is of no fault of the judicial process. The appellant himself has refused to cooperate with his retained counsel and as such has waived the right to obtain the statement of facts.

■ We have carefully reviewed the entire record that is before us and do not find any fundamental error. We have considered all of the grounds of error and overrule them for lack of merit. It must be presumed that the record contains sufficient evidence to uphold the jury's verdict, absent a statement of facts. *Russell v. State,* 78 S.W.2d 970 (Tex.Cr.App.1935); *Daughtrey v. State,* 544 S.W.2d 158 (Tex.Cr.App.1976).

The judgment of the trial court is AFFIRMED.