Danny Antonio DRUMMOND,
Appellant,

v.

STATE of Texas, Appellee.

No. B14-83-245CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 9, 1984.

Petition for Discretionary Review
Refused July 18, 1984.

Michael Maness, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a conviction for promotion of obscenity. A jury found appellant guilty and assessed a fine of $1,250.00.

On or about July 20, 1983, appellant sold a magazine to D.L. Terral which allegedly depicted patently offensive representations of actual and simulated sexual intercourse and sodomy. The name of the magazine was such that the obscene nature of its contents would be apparent to even the most naive. After conviction appellant filed his Affidavit of Indigency timely alleging he was unable to pay the cost of preparing the Statement of Facts. Following a hearing on the motion, the trial judge denied the application.

Appellant presents six grounds of error. In the first, he contends the trial court erred in denying his request for a transcript of the trial testimony without charge because he was unable to pay.

■ TEX.CODE CRIM.PROC.ANN. art. 40.09 § 5 (Vernon 1981) provides the procedure for obtaining a Statement of Facts without charge. Appellant must (1) file an affidavit of indigency timely, and (2) the court must conduct a hearing as to the truthfulness of the affidavit. The determination of whether an appellant is entitled to a free transcript is on a case by case basis. *Zanghetti v. State*, 582 S.W.2d 461 (Tex. Crim.App.1979). While there are no exact standards for determining indigency, the court may not look at the financial status of appellant's parents or relatives. *Abdnor v. Ovard*, 653 S.W.2d 793 (Tex. Crim.App.1983); *Conrad v. State*, 537 S.W.2d 755 (Tex.Crim.App.1976). It is appellant's financial status at the time of appeal, not at the time of trial, which is to be considered. *Barber v. State*, 542 S.W.2d 412 (Tex.Crim.App.1976).

■ In the present case, appellant filed an undated affidavit of indigency notarized by his attorney. In criminal cases, the attorney for the accused is "incompetent to take affidavits to papers, motions, etc., filed therein." *Ex Parte Scott*, 133 Tex.Crim. 1, 123 S.W.2d 306 (1939). The affidavit filed with the court was, therefore, void, and being so was no evidence. The appellant, therefore, had the burden of proving his indigency at the hearing on the motion.

■ In determining appellant's indigency status, the court should consider his assets. The record reveals sufficient grounds for the trial court to determine that appellant had sufficient assets at the time of the hearing to pay $3550.00 for the Statement of Facts. Appellant testified to the following: (1) he was a full time employee of Big Apple Review; (2) he had a bank account of approximately $200.00; (3) he earned a salary of between $300.00 and $450.00 per week, averaging $325.00, and (4) he could receive six or seven hundred dollars per week with commissions "if you had enough business." Appellant testified his area supervisor had paid all the attorney's fees in this and other pending cases in that court and that there had been no declaration made to him by his area supervisor to indicate the supervisor would or would not pay for appellant's appeal.

We find no abuse of discretion by the trial court. In weighing appellant's assets, including his income and its potential, his

bank account and his paid legal fees, it was not unreasonable for the court to determine that appellant was financially able to pay for the Statement of Facts. Furthermore, the choice to appeal was obviously not made by the appellant but rather probably by the area supervisor or appellant's attorney as the following testimony would indicate:

> State: As far as you know, was it the area supervisor's decision to appeal this case or was it yours?
>
> Answer: As far as I know it was Mike's as far as I know (indicating appellant's attorney).

Article 40.09(5) states in part:

> If a *party* desires to have all or any portion of a transcription of the court reporter's notes included in the record ..., the court will order the reporter to make such transcription without charge to appellant if the court finds ... that he is unable to pay.... (emphasis added)

The purpose of this Article is to provide a transcript to an appellant whose indigency prevents his obtaining one. The purpose is not to transfer to the taxpayer a portion of the cost of an appeal which appellant obviously did not initiate. Appellant's first ground of error is overruled.

In grounds of error two and four, appellant alleges error which could be determined only by an examination of the Statement of Facts. Where there is no Statement of Facts, we are bound to presume there is sufficient evidence to sustain and support the verdict. *Maxwell v. State,* 647 S.W.2d 710 (Tex.App.—Corpus Christi 1982, no pet.); *Russell v. State,* 78 S.W.2d 970 (Tex.Crim.App.1935). Appellant's second and fourth grounds of error are overruled.

In his third ground of error, appellant contends the trial court committed reversible error by instructing the jury, contrary to the terms of the statute under which appellant was charged, that it should evaluate the allegedly obscene material by community standards of "tolerance." Appellant requested such a charge. This was initially denied, but the court subsequently gave a charge which tracked the wording of appellant's request. If a defendant requests a charge and that charge is submitted, he is in no position to benefit from any error in it. *Ayers v. State,* 606 S.W.2d 936 (Tex.Crim.App.1980); *Cadd v. State,* 587 S.W.2d 736 (Tex.Crim.App.1979). Appellant's third ground of error is overruled.

In his fifth ground of error, appellant alleges that the evidence fails to establish beyond a reasonable doubt that the allegedly obscene material depicts representations of simulated sexual intercourse and sodomy. Appellant has failed to bring the magazine in question forward on appeal. Having failed to do so, he has failed to preserve an adequate record for review. *Paige v. State,* 573 S.W.2d 16 (Tex.Crim. App.1978). Appellant's fifth ground of error is overruled.

In his sixth ground of error, appellant contends TEX.PENAL CODE ANN. § 43.21 and § 43.23 (Vernon 1974) are unconstitutional under the First and Fourteenth Amendments to the Constitution of the United States because they define community standards for judging obscenity in terms of the community standard of "decency" rather than of "tolerance." The recent decision in *Andrews v. State,* 652 S.W.2d 370 (Tex.Crim.App.1983) has resolved this matter. It held "The statutory definition for the term 'patently offensive' passes constitutional muster because in context within the statute, the word 'decency' actually states a common meaning of what governs 'current community standards'...." Appellant's sixth ground of error is overruled.

Judgment of the trial court is affirmed.